## BIRDSALL VS. DUNN.

A *feme covert* may act as the agent or attorney of her husband, or as the agent of another, in a contract with her husband, or as the mutual agent of her husband and a third person, and her declarations and admissions, where she acts as his agent, as to matters within the scope of her agency, may be given in evidence against him.

Where the wife acts as the agent of another in a contract made with her husband, or where she acts as the mutual agent of her husband and a third person, her declarations as to matters within the scope of her agency may be given in evidence by her husband in his own favor.

Where the declarations of the wife, made while acting as the agent of her husband, would be admissible in evidence against him, she may, if willing and her husband consents, be admitted as a witness for the opposite party, to prove the facts in relation to a transaction in which she acted as the agent of her husband.

The rules of the common law excluding witnesses, either on the ground of interest or of public policy, are not inflexible, but yield to the exigencies of particular cases when the purposes of justice require it. See exceptions to these rules stated.

In all cases where the wife acts as the agent of her husband, she is a competent wit-

ness (especially since the enactment of chap. 187, laws 1858,) in his behalf, in relation to all business transacted by her for him, within the scope of her agency.

APPEAL from the Circuit Court for *Racine* County.

Action to recover for work and labor, what the plaintiff reasonably deserved. Defence, that the plaintiff made special contracts with defendant, whereby the plaintiff was to perform the said work and labor for stipulated prices, much less than it was alleged to be worth in the complaint, which contracts, it was claimed, were made with the wife of the defendant and as his agent. The issue came on to be tried before the court and a jury, and the plaintiff gave evidence to sustain the complaint, and rested, and the defendant then proved that he had been for some time past engaged in the millinery business, and was so engaged when the plaintiff worked for him as a saleswoman; that his wife, Pamelia J. Dunn, hired and discharged the girls, and that she acted as the agent of the defendant in that business at all times. The defendant called his wife, Pamelia J. Dunn, as a witness in his behalf, and offered to prove by her the express contracts alleged in his answer, to which the plaintiff objected, and the court refused to permit her to be examined as a witness on the part of her husband, and the defendant excepted to the ruling. The plaintiff obtained a verdict, upon which judgment was entered against the defendant, and he appealed.

*Merrick & Hill*, for appellant.

In any civil action or proceeding, the husband or wife of a party is a competent witness, either, for or against the party. To this general rule there are two exceptions : 1. Where the testimony involves matters of confidence between husband and wife. 2. Where the evidence tends to criminate either. Chap. 134, laws of 18... gives the rule, the common law, the exceptions and the m... of their application.

It has been held that the exceptions do not obtain where the husband or wife is tendered as a witness on behalf of the

other. *Merriam vs. Hart. & N. R. R. Co.*, 20 Conn., 354; *Stanton vs. Wilson*, 3 Day, 37; *Litchfield vs. Rice*, 10 Met., 287. According to the earlier authorities, the rule of exclusion of the husband or wife of a party to the record, had its origin partly from interest, and partly from policy. *Bently vs. Cook*, 2 Term, 265; *King vs. Inhabitants of Cliveger*, 2 Term, 263; *Davis vs. Dinwoody*, 4 Term, 678; 2 Stark, 706; Peake's Ev., 180. By the later decisions, the objection on the ground of interest was divided into 1. Interest in the event. 2. Interest in the party. *Hasbrouck vs. Vandevoort*, 4 Sanfd., 596; 5 Seld., 161. But both grounds of interest were swept away. by the statute of 1858, and the only objection that now exists must rest solely upon public policy. The peculiar circumstances of this case rendered Mrs. Dunn a competent witness for her husband, *ex necessitate rei.* The contracts material to the defence were made by her, and their terms are peculiarly within her knowledge, and the facts alleged are within the purview of her agency. 2 Bright on Hus. and Wife, 43; 1 Phil. Ev., 94; 6 Conn., 41, 44; 4 Conn., 55; *Herman vs. Drinkwater*, 1 Greenleaf, 27; *McGill vs. Rowand*, 3 Barr., 451; *Litchfield vs. Rice*, 10 Met., 287; *Fenner vs. Lewis*, 10 Johns., 38; *Curtis vs. Ingham*, 2 Vt., 289; 4 Barb., 222. At common law, servants and agents though interested and related to the parties, were held competent from necessity. 2 Stra., 647; Salk., 289; 3 Wils., 40.

*Jenkins & Hickox*, for respondent.

The policy of the law, in order to insure conjugal confidence, has laid down a definite rule, that in no case shall husband and wife be allowed to give evidence for or against each other. 1 Phil. Ev., 76; Gilb. Ev., 119; 1 Greenleaf Ev., 334, 336; Stark Ev., 39; 2 Kent Com., 178, 180; *Voules vs. Young*, 13 Ves., 140; *Barbat vs. Allen*, 10 Eng. L. & Eq., 596; *Alcock vs. Alcock*, 12 Eng. L. & Eq., 354; *O'Connor vs. Majoribanks*, 4 M. & G., 435; *Stein vs. Bowman*, 13 Peters, 221; *City Bank vs. Bangs*, 2 Paige 36; *People vs. Mercein*, 8 Paige, 50, 583; *Burrell vs. Bull*, 3 Sanf. Ch., 15; *Snyder vs. Snyder*,

6 Bin., 483 ; *Hopkins vs. Smith*, 7 J. J. Marsh, 263.   The only exceptions to this rule at common law, are in cases of personal violence, where the wife from the necessity of the case is admitted as a witness; and in actions between third persons, or in collateral proceedings, not immediately affecting their interests.   Greenlf. Ev., 94; *Rex vs. Cliviger*, 2 Term, 263; *Rex vs. Battewick*, 2 B. & Ald., 639 ; *United States vs. Wells*, July Term, 1839, of Supreme Court, Wis. Ter.   The distinction sought to be made that a husband or wife may testify for, but not against, each other, has no foundation.   *Manchester vs. Manchester*, 24 Vt., 649.

By the 14th and 15th Vict., ch. 99, parties to actions were permitted to be sworn, but it was held that a wife was not a competent witness for her husband who was a party to the suit. *Stapleton vs. Croft*, 83 Eng. C. L., 365; 18 Adolph and Ellis, N. S., 367; *Barbat vs. Allan*, 10 Eng. L. & Eq.,596 ; *Alcock vs. Alcock, supra*.   The statutes of New York are in effect, the same as our own upon this subject, N. Y. Code, § 389, § 399.   It was held under these provisions, that the statutes did not render the wife a competent witness for or against her husband, and that the common law disability had not been removed. *Pillow vs. Bushnell*, 5 Barb., 156; *Arborgast vs. Arborgast*, 8 How. Pr., 297; *Smith vs. Smith*, 15 How. Pr., 165; *Erwin vs. Smaller*, 2 Sandf., 440 ; *Hasbrouck vs. Vandervoort*, 4 Sandf., 596; 5 Seld., 153; 2 Smith's Lead. Cases, 104, 106, and the like doctrine obtains in Vermont.   *Manchester vs. Manchester*, 24 Vt., 649 ; *Sergeant vs. Seward*, 31 Vt., 509; *Kelley vs. Proctor*, 41 N. H., 139.

*By the Court*, DIXON, C. J.   A *feme covert* may act as the agent or attorney of her own husband, and as such with his consent, bind him by her contract or other act.   Story on Agency, 57, and authorities cited.   When she acts as such agent in any department or business the husband is also bound by her declarations and admissions in relation to matters done

under her direction and they may be given in evidence against him. *Anon.*, Stra., 527; *Emerson vs. Blondin*, 1 Esp. Rep., 142; *Pickering vs. Pickering*, 6, N. H., 120; *Clifford vs. Benton*, 1, Bing., 199, [8, E. C. L., 294]; *Anderson vs. Landerson*, 1, Holt, 591, [3 E. C. L., 190]; S. C., 2 Starkie, 214, [3 E. C. L., 314]; *Curtis vs. Ingham*, 2 Vt., 287; *Hughes, adm'rs vs. Stokes, adm'rs*, 1, Haywood, 372; *Riley vs. Suydam*, 4, Barb., 222. If the *ex-parte* declarations of the wife without oath are admissible in such a case, it is difficult to perceive upon what principle her testimony under oath if properly tendered to the same facts, is to be excluded. Courts might not compel her to testify against her own will or at the instance of the opposite party; but if she comes willingly, her husband consenting, it would seem that she ought to be admitted. *Pedley vs. Wellesley*, 3, Car. & P., 558, [14, E. C. L., 448]; *Littlefield vs. Rice*, 10, Metcalf, 287.

But it is not alone where the declarations and acknowledgments of the wife are against the husband, that they are received. She may act as the agent of another in a contract with her husband (Story, on Agency, *supra*); and when she does, or when she is the mutual agent of her husband and a third person, her declarations may be given in evidence by the husband and in his favor. *Fenner vs. Lewis*, 10, Johns., 38.

The competency of agents to prove acts done within the scope of their agency was well established at common law, notwithstanding they may have had an interest in the acts respecting which they were called to testify. This exception to the general rule had its foundation in public convenience and necessity. 1 Greenl., on Ev., § 416; *Martin vs. Howel*, 1 Stra., 647; *Dixon vs. Cooper*, 3 Wils., 30; *Mathews vs. Heydon*, 2 Esp, 509; *Ware vs. Bennett*, 18 Tex., 749; *Barriere vs. Peychaud*, 14 La., An., 370.

A party of record was a competent witness provided he was disinterested. *Worrall vs. Jones*, 7 Bing., 379, [20 E. C. L., 177]; and even though he was not, he was still competent for

some purposes, as for instance, to prove the book and original entries made by him as clerk of the intestate, in an action brought by him as administrator of the estate. *Ash vs. Patton*, 3 Serg. & Rawle, 300.

A party was also admitted upon the principle of necessity, in case of a robbery or to prove the contents of a box or trunk lost while in the hands of a carrier, 2 Rolles, Abr., 685, 686; *Herman vs. Drinkwater*, 1 Maine, Greenl., 27. He might also be examined to prove entries in his book appearing to be in his own hand-writing, *Prince vs. Smith*, 4 Mass., 455 ; and the loss of instruments, their genuineness being established. *Blanton vs. Miller*, 1 Haywood, 4 ; *Park vs. Cochran*, id., 410.

And in a suit by the husband to recover the value of two trunks and their contents, lost while he and his wife were passengers in a stage, the deposition of the wife was received to show the contents of the trunk, used by her, as also of that belonging the husband. *McGill vs. Rowland*, 3 Penn., St. 451.

In an action on the case by the husband and wife for maliciously indicting and prosecuting the wife for felony, of which she was acquitted, her testimony given at the trial of the indictment was received in evidence, she being the only person present when the supposed felony was committed. *Johnson vs. Browning*, 6 Mod., 216.

In *Littlefield vs. Rice, supra*, the wife, who kept her husband's accounts, was held to be a competent witness in behalf of her husband, in a suit in which he introduced his book of original entries, to testify that she made the entries by his direction and in his presence. So, too, in an action of book debt, *Stanton vs. Wilson*, 3 Day, 37, it was decided that the wife might be a witness for husband, and in *Merriam vs. The Hartford & New Haven R. R. Co.*, 20 Conn., 354, in case, for negligence.

It is apparent from this brief examination of decisions that the rules of the common law excluding witnesses either on the ground of interest or of public policy, are by no means inflexble. They yield to the exigences of particular cases, and an

exception is formed wherever the purposes of justice require it. We are of opinion, especially since the enactment of the statute removing the disability of parties, that the case of a wife acting as the agent of her husband should constitute an exception, as to all business transacted by her within the scope of her employment, and therefore, that the testimony of Mrs Dunn, the wife of the defendant, should have been received to that extent.

Judgment reversed and a new trial awarded.