## HOBBY VS. THE WISCONSIN BANK OF MADISON.

A deposition taken in an action pursuant to section 75, chap. 120, R. S., by the justice before whom such action is pending, and afterwards used without exception on the trial before the justice, and returned by him with the other papers in the cause on appeal, may be read in evidence in the appellate court, although no certificate is attached thereto, such as is prescribed by section 17, ch. 137, R. S.

In an action by a married woman upon a contract made for her by her husband, the husband is a competent witness as to the terms of the contract.

ERROR to the County Court for *Dane* County.

This action was commenced in a justice's court to recover a sum alleged to have been received by the defendant upon the sale of a note and mortgage belonging to the plaintiff, in excess of the amount which it was alleged that the note was deposited with defendant to secure.   The defendant claimed to have purchased the note and mortgage.   When the cause came on for trial, both parties appearing, an application was made for an adjournment, and before the order for that purpose was made, the deposition of Marian L. Hobby, a witness for the plaintiff then in attendance, was taken before the justice, without objection by the defendant.   No certificate, such as is prescribed in sec. 17, chap. 137, R. S., was attached to it.   Upon the trial of the cause on the day to which it was adjourned, the deposition was read in evidence for the plaintiff without objection.   The justice rendered judgment for the plaintiff, and the defendant appealed to the county court.   The justice

returned to that court said deposition with the other papers in the cause. On the trial, it was shown that said Marian L. Hobby was at that time distant more than thirty miles from the place of trial, and the plaintiff offered her deposition in evidence; but it was objected to generally, and on the specific ground that there was no certificate attached, and was ruled out. The court also refused to receive the testimony of E. B. Hobby, the husband of the plaintiff, who had acted as her agent in the negotiation with the defendant concerning the note. Finding and judgment for the defendant; and the plaintiff appealed.

*Hopkins & Foote*, for appellant, contended that the certificate prescribed by sec. 17, ch. 137, R. S., is required only for depositions taken under the provisions of that chapter, and not for one taken under sec. 75, ch. 120, R. S. The justice could not require, in a trial before himself, his own certificate to a deposition taken before himself; and under sec. 73, chap. 120, no exception for informality or irregularity to a deposition *used* before the justice, can be taken in the appellate court, if not taken in writing previous to the trial before the justice. 2. The court erred in excluding the evidence of E. B. Hobby, the plaintiff's husband, who transacted the business for her. *Littlefield v. Rice*, 10 Met., 287; *Fenner v. Lewis*, 10 Johns., 38; *Riley v. Suydam*, 4 Barb., 222.

*J. H. Carpenter*, for respondent, contended that the deposition was properly rejected for want of any certificate, citing R. S., chap. 137, secs. 16 and 17; *Robbins v. Lincoln*, 12 Wis., 1. 2. The testimony of the plaintiff's husband was properly rejected. 1 Greenl. Ev., secs. 254, 334, 337, 341; Peake on Ev., App. 44; Roscoe on Ev., 90; 2 Starkie on Ev., 552; *Doker v. Hasler*, 21 E. C. L., 416; *Cook v. Grange*, 18 Ohio, 526. The recent statute has not changed the rule. R. S., ch. 137, sec. 50; Laws of 1858, ch. 134, sec. 1 (R. S., p. 817); *Hasbrouck v. Vandervoort*, 5 Seld., 153.

*By the Court*, DIXON, C. J.   The deposition of the witness Marian L. Hobby should have been received.   It was taken pursuant to section 75, chap. 120, R. S., and used without exception on the trial before the justice.   The return of the justice shows this, and the objection that there was no certificate in the form prescribed for other depositions, if that was necessary, was waived.   The statute is in these words:   "The justice before whom any civil cause is pending may, on any day on which a trial may be had, after an application has been made for an adjournment and before making an order for an adjournment, on the application of either party showing any cause provided by law therefor, proceed to take the deposition of any witness then in attendance before the justice, and no prior notice shall be required."   Section seventy-three of the same chapter declares that "In cases of appeal from the judgment of a justice, the depositions used before him on the trial may be used in the appellate court, and no exception for informality or irregularity shall be noticed in such court, which was not taken in writing before the trial in the justice's court."

E. B. Hobby, the husband of the plaintiff, was a competent witness to prove the contract made by him as the agent of his wife, the receipt or payment of money, or other acts done by him within the scope of his agency.   *Birdsall v. Dunn*, 16 Wis., 235.

Judgment reversed, and a new trial awarded.