MEEK vs. PIERCE and another.

The wife is not in such a sense an agent of the husband during his temporary ab-
    sence from home, that she can bind him by her consent to have the premises
    searched for stolen property ; nor is she a competent witness in his behalf in an
    action of trespass by him against the persons making the search, to show that
    such consent was not given.
A warrant to search the house of a particular person, and the barn, stables, out-
    houses and grain stacks of the same person, on the same farm, is not void.
At the common law a justice of the peace may direct his warrant to any particular
    private person by name; and this common law power is not taken away in this
    state, in the case of search warrants, by sec. 8, ch. 173, R. S.
The provisions of sec. 38, ch. 120, R. S., apply exclusively to *civil* process.

APPEAL from the Circuit Court for *Dane* County.

Trespass, for unlawfully entering the plaintiff's premises and
searching his house, barns and other out-buildings, hay and
straw stacks, &c., for stolen property.   The defense was, that
the search was made by virtue of a warrant for that purpose
issued by one A. A. Boyce, Esq., a justice of the peace in
said county, and directed to the sheriff or any constable of
said county, and that, there being no such officer then and
there to execute said warrant, on cause shown to said justice,
he empowered the defendant *Edison*, according to law, to exe-
cute and return the same ; and that *Pierce* accompanied said
*Edison*, at his request, to identify the property, &c.   The ans-
wer also alleges that the house and other parts of the premi-
ses were searched with the consent of the plaintiff's wife,
plaintiff himself being absent from home.

On the trial, the plaintiff, in his own behalf, testified, among
other things, that he was away from home on the day of the
alleged trespass ; that he left his wife in charge of the premi-
ses, and she had control and care of things while he was ab-
sent.   The defendant proved by A. A. Boyce, Esq., the issue
of a warrant as alleged in the answer, and read to the jury
the complaint of defendant *Pierce*, on which it was issued.
This alleges, among other things, that said *Pierce* " does be-
lieve that said goods * * are concealed in the dwelling house,

or stable, or granary, or outbuildings, or straw stacks on the premises " of the plaintiff in this action. The witness further testified that on an affidavit of said *Pierce* (which was read in evidence) stating that he had been unable, upon diligent inquiry, to obtain an officer in time to serve said warrant, witness "deputized *Edison* to serve the warrant, and indorsed his authority to do so on the warrant." The warrant had never been returned, and was not put in evidence, the answer alleging that it had been "lost or destroyed by mistake and without the assent of either of the defendants;" but the witness testified, without objection, that it directed the officer to search the places described in the complaint on which it was issued. The defendants also, as witnesses in their own behalf, testified that Mrs. Meek (plaintiff's wife) gave them permission to search the premises. The plaintiff then called Mrs. Meek as a witness, and she was permitted, against the objection of defendants, to testify that she did not grant permission to the defendants to make such search, and that they did not ask her permission.

The court instructed the jury to disregard all evidence in respect to the search warrant as a justification to the defendants of the alleged trespass. Verdict and judgment for plaintiff; and defendants appealed.

*George B. Smith*, for appellants, as to the justification under the search warrant, cited sec. 1, ch. 173, and sec. 33, ch. 120, R. S. As to the inadmissibility of the wife's evidence, he cited *Marsh v. Potter*, 30 Barb., 506, and *Babbott v. Thomas*, 31 id., 277.

*Hopkins & Foote*, for respondent, argued that the search warrant relied upon was what is called a "travelling warrant," and void. The complaint and warrant should state the *particular* place or house. R. S., ch. 173, sec. 1; 13 Mass., 286. 2. The justice had no right to deputize a private person to serve the warrant. Sec. 33, ch. 120, R. S., applies only to civil actions. No one can serve a warrant but the person to

whom it is directed. 6 Barb., 656. 3. Mrs. Meek, being left in charge of the premises by plaintiff during his absence, was his agent, and competent to testify as to what occurred during that time.

*By the Court*, DIXON, C. J. Mrs. Meek, the wife of the plaintiff, was not a competent witness in his behalf, within the cases of *Birdsall v. Dun*, 16 Wis., 235, and *Hobby v. The Wisconsin Bank*, 17 Wis., 167. She was not his agent; or if she was, not in the sense of those decisions. There was no employment, no delegation of authority, express or implied, by which she was empowered to act for or bind him in respect to the matters in controversy in this action.

The warrant was not void. It was not what is termed a traveling warrant. It did not direct the officer " to search all suspected places;" nor, as in *Sandford v. Nichols*, 13 Mass., 286, to search the houses or stores of several different persons. It only authorized the search of the dwelling house of the plaintiff, and of "the granary, outbuildings, or straw stacks upon the premises." It would destroy the utility of the proceeding, if, beside the building principally named, all other buildings and places of concealment upon the same premises, occupied in connection with it and by the same person, could not also be searched, and by virtue of the same warrant.

It is clear that at common law a justice of the peace had a right to direct his warrant to any particular private person by name. 4 Blacks. Com., 291; 1 Hale's Pleas of the Crown, 581; 2 id., 110; 2 Hawkins' Pleas of the Crown, ch. 13, sec. 28; *Rex v. Kendall*, 1 Ld. Raym., 66; *Kelsey v. Parmelee*, 15 Conn., 265. This authority extended as well to search warrants as others. *Blatcher v. Kemp*, 1 H. Black., 15, *in notis*, was the case of a search warrant, and no attempt was made to distinguish it from warrants of a different kind. With us, therefore, the only question is, whether this common law power has been restrained or taken away by statute. For

when the statute authorizes a magistrate to issue a warrant in a proceeding for crime, the presumption is that he may do so in the manner authorized by the common law, unless a different mode is prescribed by the statute.

And here it may be observed, that the provisions of sec. 33, chap. 120, R. S., quoted by counsel for the defendants, are wholly inapplicable to proceedings of this nature. They apply exclusively to civil process. At common law, justices of the peace had no civil jurisdiction, and in conferring it upon them by statute, such express statutory provision for the service of civil process by a private person became necessary in order to give justices the same power over such process as they had, at common law and without the statute, over criminal process. The question turns, therefore, upon the effect of sec. 3, chap. 173, R. S., entitled "of search warrants, and proceedings thereon." That section provides that "all such warrants shall be directed to the sheriff of the county, or his deputy, or to any constable of the county, commanding such officer to search," &c. If it was the intention of the legislature, by these words, to abrogate this common law power of magistrates, then the direction to the defendant *Edison* was unauthorized and void, and the warrant was no protection for his acts. If, on the other hand, such was not the intention, then the justification was complete, and the circuit court erred in instructing the jury to disregard all evidence in respect to the search warrant. The court is of opinion that such was not the intention of the legislature. It is a safe and established principle in the construction of statutes, that the rules of the common law are not to be changed by doubtful implication. To give such effect to the statute, the language must be clear, unambiguous, and peremptory. Sedgwick on Stat. & Const. Law, 318. Were we to hold the common law rule changed, it would only be by implication, and as we think, very doubtful. The language employed is not inconsistent with the idea that the rule of the common law is still to prevail. There are no negative words

—none which prohibit the directing of the warrant to a private person. If such prohibition had been intended, a very slight change in the phraseology of the statute would have placed such intention beyond doubt. It required but the introduction of the word *only*, or some word or words of equivalent import. As it is, we deem it safer and more in harmony with sound rules of statutory construction, to hold that such was not the intention; and accordingly we hold that the warrant was properly directed to the defendant *Edison*.

Judgment reversed, and a new trial awarded.