## MOUNTAIN VS. FISHER.

INFANT: *right to recover for labor and services— When contracts binding.* WITNESS: *when wife may testify for husband.*

1. An infant who lives with and works for another person upon a mutual understanding that his services are rendered in consideration of receiving a home, food, clothing, care and attention, such as a child of such other person would reasonably be entitled to, and who is in fact so treated cannot recover for his services.

2. In an action by an infant for an amount alleged to be due her for the reasonable value of her services, it was not error to refuse an instruction "that if the understanding between plaintiff and defendant was, that she was to remain with defendant and receive for her services a portion of his property upon her marriage or his death, then she could not recover," there being no sufficient proof of what defendant was worth, or what portion of his property she was to receive, nor other proof that such contract would have been beneficial to her.

3. In such a case the defendant's wife was not a competent witness for him *generally*, whether or not she might have been admitted to testify as to any agreement of plaintiff with her as defendant's *agent*.

APPEAL from the Circuit Court for *Fond du Lac* County.

*Josephine Mountain*, an infant, brought this action by her guardian, to recover the alleged value of about eight years' services rendered to defendant, by her, as a domestic servant, from 1858 to 1866. The answer was, in substance, that defendant, at the request of the plaintiff and her friends, took her, being destitute and an orphan, into his family with an agreement that she might live in it as a member thereof, and be fed, clothed, schooled, instructed and cared for as such, so long as she should desire to stay, and in return therefor should render such assistance about defendant's house and farm as a child of her age could reasonably do; and that this agreement was faithfully performed on defendant's part. The answer also pleads the value of plaintiff's indebtedness to defendant for necessaries of life furnished her, as a set-off to the full amount of the admitted value of plaintiff's services.—The plaintiff testified in her own behalf that

in 1858, after the death of both her parents, she was living
for a short time at the house of one Bowles; that she went
from there to live with the defendant, who was then living
on a farm belonging to Bowles, and had no child of his own;
that she went with Mrs. Fisher, and had not seen the defend-
ant before going; did not know exactly how she came to go;
Mrs. Bowles and Mrs. Fisher made the arrangement; she
herself did not make any arrangement about staying at
defendant's; said nothing about hiring to him; thought
nothing was said to her when she went, as to what they were
going to give her or do for her; did not then know what to
expect about her treatment, or how long she was to stay.
There was no agreement as to what she was to have for her
services.   She was not at liberty to go away, because Mrs.
Fisher would not let her go; at one time, some fault having
been found with her, she wished to go away, and Mrs. F. in-
flicted some punishment upon her, and told her she would
not let her go.  She went to school the first six winters, doing .
various work in doors and out, during the hours not spent in
school.   She left defendant for a few days in July, because
he whipped her; stayed away four days, and then went
back for her clothes; was persuaded to remain on a promise
that defendant and wife would treat her " as one of their
own children ;" and she remained with that understanding.
Mrs. F. at that time told her that if she went away she
should not have her clothes, and if she stayed she should
have them and her share of the property when they died;
*Mr. Fisher* also said the same to her.  " I went back to live
as one of the family, and on that condition I stayed."  Some-
times she was called Josephine Fisher, and sometimes Jo-
sephine Mountain.   When not at school she did a large
amount of work, much of it out-of-door work, including a
large amount of garden and field work.   The testimony of
other witnesses tended to show that her services in the field

were during several years worth nearly or quite as much as those of a man; and also to show specifically what they were worth. All she had received was her boarding, clothes, school books and a small amount of money given her on holidays. Upon this evidence, a nonsuit was denied. The defendant then introduced evidence tending to show that he had treated the plaintiff as a child of his own, provided her with comfortable clothing, etc. On cross-examination, he said that when she came to his house, there was no time specified that she was to stay, and nothing said as to what she should do. "I did not expect she would work for nothing; I expected she was to have some compensation for her services when she came there, though nothing was said about it. *Josephine* knew that we intended, if she did well to us, to do well to her, and if she got married to a suitable person, we would give her an outfit." The court refused to allow defendant's wife to testify in his behalf.

The substance of the instructions given by the court, and of those asked by defendant and refused, is stated in the opinion below. Verdict and judgment for the the plaintiff, for $387.50; and defendant appealed.

*Gillet & Pier*, for appellant:

The nonsuit should have been granted. "A promise to pay for work and labor will never be implied when it is manifest from the conduct, situation and mutual relations of the parties that it was not intended." *Maltby v. Harwood*, 12 Barb., 477; *Livingston v. Ackeston*, 5 Cow., 531; *Williams v. Hutchinson*, 3 Coms., 318. On the plaintiff's own evidence, she cannot recover. 5 Barb., 125; 2 Denio, 149; 13 Pick., 1; 8 Cow., 84; 17 Vt., 556; 16 id., 150; 5 Watts & S., 357, 513; 3 B. Mon., 645; *Willis v. Dun*, Wright, 134. 2. The testimony of defendant's wife should have been received. *Birdsall v. Dunn*, 16 Wis., 235, 241; *Allie v. Schmitz*, 17 id., 169; *Meek v. Pierce*, 19 Wis., 303; *Marsh v. Potter*, 30 Barb.,

Mountain vs. Fisher.

506; *Babbott v. Thomas,* 31 id., 277; *Stanton v. Willson,* 3 Day, 37; *Littlefield v. Rice,* 3 Car. & P., 558.

*N. C. Giffin* and *Blair & Coleman,* for respondent:

The defendant admits in his testimony that he did not expect that plaintiff was to work for nothing; he " expected she was to have some compensation for her services when she came there, though nothing was said about it." The case then is that of an infant performing services for an adult without any express agreement as to compensation. Clearly she can recover. *Whitmarsh v. Hall,* 3 Denio, 375; *Gates v. Davenport,* 29 Barb., 160. Even if there had been an express contract, she might avoid it and recover the value of her services. 3 Denio, 375; *Medbury v. Watrous,* 7 Hill, 110. 2. The wife's testimony was not offered as that of an agent.

COLE, J. It is claimed that the motion for a nonsuit should have been granted, because no contract was shown by which the plaintiff was to be paid for her services. It is said that a person cannot be made a debtor without a contract express or implied, and that no express contract was shown, nor from the facts in the case would the law imply one. It is admitted that there was no express agreement made about the plaintiff's wages. But although no express promise was shown to pay the plaintiff what her services were reasonably worth, yet it is manifest the law would imply such a promise under certain circumstances. And the point is, was there sufficient evidence in the plaintiff's case to submit the question to the jury, whether the services were rendered in expectation of being paid therefor, or not? And we think there was sufficient evidence upon that point to carry the case to the jury. The court very fairly submitted the issue whether plaintiff rendered the services as a child or member of the defendant's family, in consideration of being furnished a home, maintenance, education, etc. For the jury

were instructed, that if they found from the evidence that the defendant received the plaintiff into his family to be treated by him as a child of his own, and to give and furnish her a home in his family, and to furnish her food, clothing, care and attention, such as a child of his own was reasonably entitled to—and the plaintiff went to live with the defendant upon this understanding, and without any other understanding as to compensation for services, then the plaintiff could not recover, if the defendant had faithfully performed the agreement on his part. The rule of law, therefore, in regard to the family relation and to persons standing *in loco parentis*, which is invoked by the counsel for the defendant, seems to have been recognized by the circuit court, and was given to the jury for the guidance of their judgment. Under this instruction the jury must have been satisfied that the services were not rendered by the plaintiff in consideration that the defendant would receive her into his family and maintain and support her as a child, but that they were rendered under such circumstances that the law would imply a promise to pay what they were reasonably worth.

Again, it is insisted that the court erred in excluding the testimony of the defendant's wife. From the peculiar nature of the case, it is said, the wife was a most important witness for the defendant, and therefore her evidence was admissible. There are cases where the wife is held a competent witness in favor of the husband; but it is very evident this case does not come within any of the exceptions. The wife was offered generally in the cause, and not to prove any understanding or agreement made by her with the plaintiff in respect to wages, while acting as the agent of her husband. She was not, therefore, a competent witness, within the rule of *Birdsall v. Dunn*, 16 Wis., 235, and *Hobby v. The Wisconsin Bank*, 17 id., 167. See *Meek v. Pierce*, 19 id., 300.

*Mountain vs. Fisher.*

It is further insisted that the court erred in not charging the jury as requested by the defendant. The pith of the instructions asked was, that if the jury should find the understanding between the plaintiff and defendant to be that the plaintiff was to remain with the defendant, and receive, as compensation for her services, a portion of his property upon her marriage or upon his death, then this agreement, being beneficial to her, was binding in law, and she could not recover in the action. But the difficulty is, to say, upon the evidence, that such an arrangement, even if made, would be beneficial to the plaintiff. She was an infant, and could avoid such an agreement if prejudicial to her. The evidence to show any such arrangement was exceedingly slight, if not totally wanting. The defendant testified that there never was any contract of any kind as to the terms upon which the plaintiff was to remain with him. If such an understanding existed, the defendant would surely have known it. And besides, what was the defendant worth, and what portion of his property was the plaintiff to receive on her marriage or upon his death? The proof is very indefinite and unsatisfactory upon this point, and therefore it is impossible to say such an arrangement, even if made, was beneficial to her. The arrangement was voidable by the plaintiff by reason of her infancy, according to the general rule of law; and there is not enough in the case to show that it would come within any of the exceptions, so as to make it binding upon her. For these reasons, we think the instructions were properly denied.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.