## MENK vs. STEINFORT.

REVERSAL OF JUDGMENT. *(1) Error in admitting evidence cured. (3) Inadmissible evidence rejected on erroneous grounds. (5) Error in charge cured.*

EVIDENCE: WITNESS. *(2, 4) Husband as agent of wife.*

1. An error in admitting evidence tending to show that there was *no consideration* for an instrument sued on, is immaterial where the jury find the instrument *a forgery*.
2. In an action by a married woman, her husband may testify in her behalf as to acts done by him as her agent, whether done in her presence or in her absence.

Menk vs. Steinfort.

3. An erroneous ruling that the husband could not testify to acts done by him as the wife's agent when she was present, is immaterial where it appears that he was offered as a witness *generally* in the cause, and not specially as to matters in which he had acted as her agent.

4. On taking a conveyance of certain property from defendant's intestate, plaintiff caused to be assigned to him a certain mortgage belonging to her husband, executed by one L. Afterwards plaintiff reconveyed to the intestate his said property, and, about a year thereafter, L. paid his mortgage debt to plaintiff's husband, and received from him a satisfaction of the mortgage theretofore executed by the intestate. In the transactions concerning those conveyances, plaintiff's husband acted generally as her agent. *Held*, that in this action he could not testify that he did not act as her agent in receiving the payment of L.'s mortgage.

5. A judgment will not be reversed for an error in the charge which was immediately and fully corrected.

APPEAL from the Circuit Court for *Jefferson* County.

The plaintiff, a married woman, brought this action against the defendant as administrator of the estate of one Wm. Abendroth.

A claim was presented to the county court against said estate upon an instrument in writing purporting to be a promissory note for $2,500 and ten per cent. interest, payable in installments to the plaintiff or order, and purporting to have been signed by the defendant's intestate. The instrument is dated September 9, 1870, and receipts are indorsed thereon, signed by the plaintiff, for the first installment of principal, being $300, and for two year's interest. The claim was disallowed by the county court, and plaintiff appealed to the circuit court.

In the latter court the claim was resisted by the administrator on the grounds, 1. That the signature to the instrument is a forgery; and 2. That if such signature is genuine, the note is invalid for want of consideration.

It appeared on the trial that in April, 1870, the intestate conveyed certain real estate and personal property to the plaintiff, and on September 9th of the same year plaintiff reconveyed to the intestate the same real estate and portions of

the same personal property.  Plaintiff claims, and the evidence on her part tends to prove, that the note or instrument in controversy was given by the intestate for a part of the consideration of such reconveyance.  The administrator claims, and the evidence on his part tends to show, that the signature to such note is not that of the intestate, and that if it is his signature, there was no consideration for the note.

When the property was conveyed to the plaintiff, she caused to be assigned to the intestate, in part payment therefor, a mortgage belonging in whole or in part to her husband, executed by one Leshinger to secure the payment of $600. About a year after the reconveyance to the intestate, Leshinger paid the debt secured by such mortgage to plaintiff's husband, who delivered to the mortgagor a satisfaction of the mortgage, theretofore duly executed by the intestate.  Defendant's objection to the admission of proof of such payment was overruled.  In all the transactions pertaining to such conveyances, plaintiff's husband acted as her agent, and had the principal management and control of the business.

The plaintiff's attorney stated, in general terms, that he offered Mr. Theodore Menk (plaintiff's husband) as a witness. Objection being taken by the defendant, the court said: "You may show anything by Mr. Menk which he did as the agent of his wife when she was not present.  Otherwise his testimony is excluded."  Mr. Menk was not examined as a witness.

In charging the jury the court said:  "It stands here uncontradicted that on the 9th of September, 1870, *Mrs. Menk* reconveyed this brewery property to Abendroth, and it is claimed by her, and has been testified to by her upon the stand, that the consideration paid by Abendroth upon a reconveyance of the property was as follows: the note in suit, $2,500;  the Leshinger mortgage was surrendered back by Abendroth to *Mrs. Menk;*" — The plaintiff's attorney here inquired:   "Your honor, does the testimony show that?"

Menk vs. Steinfort.

The court proceeded: "I am not stating what the testimony is. You will bear in mind that I am not attempting to state what the testimony shows, but what is claimed to be the testimony by the defense. But I understand that to be the testimony, nevertheless, of *Mrs. Menk.* I understand *Mrs. Menk* to have stated that the consideration paid and agreed to be paid by Abendroth on the reconveyance of this property was as follows: this note in suit, a reassignment of the Leshinger mortgage, and a surrender of the Menk mortgage for $600; these three items making the amount." Exceptions being taken to so much of this charge as related to the Leshinger mortgage, the record states that a reference to the reporter's minutes of *Mrs. Menk's* testimony disclosed that she had not testified that Abendroth had surrendered back the Leshinger mortgage to her on the reconveyance of this property; and thereupon the court said to the jury: "It seems, gentlemen, that *Mrs. Menk's* testimony does not show that this Leshinger mortgage was transferred back on a resale of this property."

Two questions of fact were submitted to the jury: "1. Did William Abendroth, in his lifetime, make, execute and deliver to *Charlotte Menk* the promissory note in question, by writing his own name thereto as maker, as the same appears thereon, by his own proper hand? 2. Was the note in question executed and delivered by William Abendroth for a consideration actually received by him therefor?" The jury answered both questions in the negative. A motion on the minutes for a new trial was denied, and judgment was entered for the administrator for costs. From this judgment the plaintiff appealed.

*D. Hall,* for appellant, contended that the evidence as to the satisfaction of the Leshinger mortgage was incompetent, in the absence of proof connecting the plaintiff with it in any way; that if there was sufficient proof of her husband's agency in the matter to admit such evidence against her, she was en-

titled to his testimony to prove that the payment and satisfaction had no relation to the resale or the note in question; and that the court charged, not only that the plaintiff testified to having received the Leshinger mortgage on the resale, but that she *did, in fact, receive it*, and this error was not cured by its mere retraction as to her statement.

*G. W. Bird*, for respondent:

1. If there was any error in the charge of the court respecting the plaintiff's statements in her testimony, it was at once cured by the reading of the reporter's minutes, and the correction, by the judge, of his statement. *Nauman v. Zoerhlaut*, 21 Wis., 466; *Emmons v. Dowe*, 2 id., 369; *Pilling v. Otis*, 13 id., 498; *Allerding v. Cross*, 15 id., 530; *Jenks v. The State*, 17 id., 667; *Strohn v. Railroad Co.*, 23 id., 129. 2. The plaintiff, having offered her husband as a witness generally in the action, and not to the specific matter of his agency, cannot complain that his testimony was excluded. *Beard v. Dedolph*, 29 Wis., 136.   3. All the testimony excepted to, with one exception, was offered to establish the defense of a want of consideration, and was confined by the judge, in his charge to the jury, to its bearing upon that question.   And even if some of it was incompetent, the jury having found specially that the note was a forgery, its admission could not prejudice the plaintiff.

LYON, J.   The testimony tending to show to whom or for whose benefit the Leshinger mortgage was paid, had a direct bearing upon the second question submitted to the jury, to wit, the question of consideration, and, as we understand the charge given by the judge to the jury, was expressly confined to that question.   Hence, we think the testimony was competent.   But if it was not — if the court erred in admitting it, — the error is entirely immaterial, since the jury found that the signature to the alleged note is a forgery.   After such finding, the answer to the second question was entirely superfluous, and, if wrong, can harm no one.

Menk vs. Steinfort.

2. The plaintiff offered her husband as a witness generally in the cause, and not specially to testify only to matters in which he had acted as her agent. Under this general offer, it would not have been error had the court rejected him without qualification. This was ruled in *Mountain v. Fisher*, 22 Wis., 93. Hence, the qualified rejection of the husband as a witness cannot be error, even though the court may not have stated with entire accuracy the limits to which the testimony of an agent husband or wife should be confined. The learned circuit judge very properly observed that the husband was competent to testify to his acts as the agent of the plaintiff; but he further remarked that the husband could only testify to acts so done by him *when the plaintiff was not present.* We do not think this qualification can be sustained. No good reason is perceived why the husband may not testify to acts as the agent of his wife, done by him in her presence, as well as in her absence. But for the reason already stated the inaccuracy is harmless. Besides, it is a fair inference from the record that the plaintiff offered her husband to prove by him that he did not act as her agent in collecting the Leshinger mortgage. Clearly he was not a competent witness for that purpose.

3. The incorrect statement made by the judge to the jury, to the effect that the plaintiff had testified that the defendant's intestate was to reassign the Leshinger mortgage as a part of the consideration for the reconveyance of the property mentioned in the above statement of the case, is not ground for reversing the judgment. The inaccuracy was immediately discovered and corrected. It is not possible that any person of ordinary understanding could have been misled by the misstatement, when it was so promptly corrected.

The foregoing observations dispose of all the material errors alleged by the appellant adversely to her. It follows that the judgment of the circuit court should be affirmed.

*By the Court.* — Judgment affirmed.