Blabon and others, Appellants, vs. Gilchrist, Respondent.

*September 2 — November 3, 1886.*

SUPPLEMENTARY PROCEEDINGS. *(1) Defendant only can be required to appear: Preliminary injunction. (2, 3) Husband and wife as witnesses. (4) Property in hands of third persons. (5) Costs.*

1. Under sec. 3030, R. S., a commissioner has no power to require any person other than the defendant to appear before him to answer concerning property in his hands belonging to the defendant; nor can he make a preliminary order restraining such person from disposing of such property.

2. In supplementary proceedings under ch. 131, R. S., where the judgment debtor is a married woman, her husband is not a competent witness for or against her, except as to matters transacted by him as her agent.

3. If, in such a case, the plaintiff desires to show by the husband that, as agent of his wife, he has property belonging to her in his possession, the offer of the husband's testimony should state such purpose.

4. Under sec. 3035, R. S., property of the judgment debtor in the hands of another person can be ordered to be applied towards the satisfaction of the judgment only when there is no dispute as to the ownership and amount of such property.

5. Costs may be awarded to the defendant in supplementary proceedings. Sec. 3038, R. S.

APPEAL from the Circuit Court for *Chippewa* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from an order of the circuit court re-

fusing to vacate and set aside certain orders and rulings made by a court commissioner in proceedings supplementary to execution taken by the plaintiffs under the provisions of sec. 3030, R. S. 1878. The proceeding was based upon an affidavit of the attorney for the appellants. The affidavit was sufficient to authorize the commissioner to make an order requiring the judgment debtor, *Mary L. Gilchrist*, to appear before him and answer concerning her property as required by said section; but the affidavit further states that the deponent believed that Hugh G. Gilchrist, the husband of the respondent, had property belonging to the said respondent under his control, and an order was asked for requiring said Hugh G. Gilchrist also to appear before said commissioner and answer concerning any property belonging to said *Mary L. Gilchrist* which he may have under his control. The affidavit also asked an order restraining the respondent and the said Hugh G. Gilchrist from making any transfer or other disposition of such property not by law exempt, etc.

The court commissioner made the following order:

"[Title of cause.]

"*State of Wisconsin, Chippewa County* — ss.:

"It appearing to me by the affidavit of Rublee A. Cole, in this action, that an execution upon the judgment in the above-entitled action against the property of *Mary L. Gilchrist*, the judgment debtor therein, has been duly issued to the sheriff of the proper county, and returned wholly unsatisfied, and that Hugh G. Gilchrist is thought to have property belonging to said *Mary L. Gilchrist* under his control, I do hereby require you, the above-named *Mary L. Gilchrist* and the said Hugh G. Gilchrist, to appear before me, at the office of Marshall & Jenkins, in the city of Chippewa Falls, in said county and state, on the 2nd of April, A. D. 1886, at two o'clock in the afternoon, to answer on oath concerning the property of the said *Mary L. Gilchrist*,

and to abide and perform such further or other order as may be made by me in the premises; and in the meantime, and until the further order to the contrary, you, the said *Mary L. Gilchrist* and Hugh G. Gilchrist, are hereby enjoined and restrained from making any transfer or other disposition of the property of the said *Mary L. Gilchrist* not exempt by law from execution, and from any interference therewith.

" *Dated the 25th of March, 1886.*

" JOHN J. JENKINS,

" Court Commissioner, Chippewa Co., Wis."

This order was served upon the respondent and her husband, Hugh G. Gilchrist, and on the day named therein the respondent and her husband, Hugh G., appeared before the commissioner. A motion was then made on the part of Hugh G. Gilchrist that he be released and discharged from the operation of the order and the injunction. The commissioner granted the motion and discharged the order as to Hugh G. Gilchrist. Afterwards, upon the hearing on the order as to the respondent, *Mary L. Gilchrist*, the plaintiffs requested that Hugh G. Gilchrist, the husband of the defendant, be sworn and examined as a witness concerning any property he may have belonging to the defendant. The commissioner decided that the husband could not be examined as a witness against his wife, the defendant in the action.

After the evidence taken before the commissioner was closed, the plaintiffs moved that the commissioner make an order that Hugh G. Gilchrist turn over to the plaintiffs $300, which they claimed the testimony disclosed was in the hands of said Hugh G. The commissioner refused to make such order; and thereupon, on motion of the respondent, the commissioner made an order requiring the plaintiffs to pay five dollars costs. To all these rulings of the commissioner the appellants duly excepted.

Afterwards, upon an affidavit on the part of the plaint-

Blabon and others vs. Gilchrist.

iffs setting out the proceedings had and rulings and orders made by the commissioner upon such pleadings, the appellants procured an order to be made by the circuit court requiring the respondent to show cause before the circuit court, on a day named in said order, why the ruling and order of the court commissioner made in said proceedings should not be set aside and reversed, and a re-examination had of said Hugh G. Gilchrist; why the order granting the defendant costs should not be reversed; why the injunctional order against said Hugh G. Gilchrist should not be ordered to stand in full force; and why an order should not be entered requiring the said Hugh G. Gilchrist to pay over and apply $300 in accordance with the order in that respect applied for and refused by the commissioner; and why the said proceeding before the court commissioner should not be reviewed fully and wholly, or such other order and relief granted as shall be just and proper. A copy of the order to show cause, with a copy of the affidavit, was duly served upon the defendant and the said Hugh G. Gilchrist, as required in said order to show cause. At the time fixed in the order, and upon due proof of the service of a copy of the order ,and affidavit as required, a hearing was had in the circuit court upon such order, the plaintiffs appearing by their attorney, and the defendant and the said Hugh G. Gilchrist appearing by their respective attorneys. After hearing the respective parties, the circuit court made the following order:

"[Title of cause.]

"The above-entitled cause coming on to be heard before the court upon the order to show cause why the order of the court commissioner made in the above-entitled case in proceedings supplementary to execution had and made before him on the 11th day of May, 1886, should not be vacated, modified, and set aside, and after hearing Rublee A. Cole, Esq., attorney for plaintiffs, in support of motion,

and Stafford & Connor, attorneys for defendant, *contra*, it is ordered that the order to show cause be dissolved, and plaintiffs' motion denied; and it is further ordered that plaintiffs pay to Stafford & Connor, defendant's attorneys, the sum of ten dollars, costs of motion, within twenty days; and it is further ordered that the order of the court commissioner, Hon. J. J. Jenkins, made in said supplementary proceedings on the 11th day of May, 1886, be, and the same hereby is, in all things confirmed.

"By the court,      S. H. CLOUGH, Circuit Judge."

From this order of the circuit court the plaintiffs appeal to this court, and assign as error (1) the refusal of the circuit court to reverse the order of the commissioner discharging Hugh G. Gilchrist from the injunctional order, as well as the order requiring him to answer concerning any property he had in his hands belonging to the defendant; (2) the refusal to reverse the ruling of the commissioner that Hugh G. Gilchrist was not a competent witness against his wife in said proceedings; (3) the refusal of the court to reverse the decision of the commissioner refusing to order Hugh G. Gilchrist to pay over to the plaintiffs, to apply upon their judgment, $300, which it is alleged he had in his possession belonging to the defendant; and (4) in not reversing the order of the commissioner requiring the plaintiff to pay five dollars costs to the defendant.

*Rublee A. Cole*, for the appellants.

For the respondent the cause was submitted on the brief of *Stafford & Connor.*

The following opinion was filed September 21, 1886:

TAYLOR, J. The proceedings instituted by the plaintiffs in this case are proceedings wholly unknown in the common law. They are purely statutory, and the commissioner is limited to the powers conferred by the statute. Sec. 3030, R. S., only authorizes the commissioner to make

an order requiring the judgment debtor to appear before him and answer, etc. There is no power given him to require, by order, any other person so to appear before him to answer concerning property in his hands belonging to the defendant; and, clearly, there is no power to make an order, before a hearing upon the order requiring the defendant to appear and be examined, restraining any person except the defendant from disposing or transferring property in his hands belonging to the defendant. It is clear, therefore, that the ruling of the commissioner discharging the order as to Hugh G. Gilchrist was properly made; and it was not error on the part of the circuit court to refuse to reverse such order.

Did the court err in holding that Hugh G. Gilchrist was not a competent witness in the proceeding either for or against the defendant, his wife? The learned counsel for the appellants insists that this question must be answered in the affirmative, upon the authority of the case of *In re O'Brien*, 24 Wis. 547. In that case it was held that, under the law as it then stood, in supplementary proceedings the wife might be compelled to answer as to property she had in her hands belonging to her husband, when the proceeding was upon a judgment against the husband alone; and, if the wife may be examined against the husband, it follows logically that the husband may be examined in a case against the wife. Under the law as it then stood, the court or commissioner had the power to order not only the judgment debtor to appear and be examined, but also any other person who it was claimed had property in his hands belonging to the judgment debtor. Sec. 91. ch. 134, R. S. 1858, as amended by ch. 44, Laws of 1860; 2 Tay. Stats. 1566. This court held that under sec. 91, ch. 134, R. S. 1858, as amended, the wife could be made a party to the supplementary proceedings against the husband; and that, as the law upon the subject of such proceedings as first en-

acted by the Code in 1856 and re-enacted as the law in the Revision of 1858 was intended as a substitute for a creditors' bill, it was held that, in analogy to the rule in the proceeding by creditors' bill, the husband and wife might be joined when it was alleged that she was holding the property of the husband with intent to cover it from his creditors; and, as in such creditors' bill she might be compelled to make a separate and special answer, so she might be compelled to answer in such supplemental proceedings. But sec. 91 of ch. 134 was repealed in 1878, and sec. 3030 substituted, restricting the right to proceed against the judgment debtor only, and providing that, as against other parties having possession of the property of the judgment debtor, they should be proceeded against by garnishment under secs. 2752 and 2753, R. S. 1878. In addition, sec. 3029, R. S. 1878, expressly provides for an action in the nature of a creditors' bill at common law, in which it is also provided that in such action against the judgment debtor any other person may be joined as defendant to compel the discovery of any property or thing in action belonging to such judgment debtor, etc.

These several provisions clearly indicate an intention on the part of the legislature to limit the proceedings under sec. 3030 to the defendant in the action. The provisions of sec. 3035, which authorizes the court or judge to order any property of the judgment debtor in the hands of himself or any other person to be applied towards the satisfaction of the judgment, does not conflict with such intent, as it is clear from reading the whole section that such power can only be exercised in those proceedings when there is no dispute about the ownership of the property or as to the amount of the debt due to the judgment debtor by such third person. The proceeding, so far as it is an adversary proceeding, is solely against the judgment debtor, and no issue can be tried by the commissioner between a third per-

son and the plaintiffs in the judgment as to the fact whether such third person has property in his hands belonging to the defendant. The husband is therefore not a competent witness in such proceeding against his wife, any more than he would be in any other action against her. *Birdsall v. Dunn*, 16 Wis. 235; *Hobby v. Wis. Bank*, 17 Wis. 167; *Meek v. Pierce*, 19 Wis. 300; *Farrell v. Ledwell*, 21 Wis. 182; *Butts v. Newton*, 29 Wis. 632, 640; *Mountain v. Fisher*, 22 Wis. 93; *Ainsworth v. Barry*, 35 Wis. 136; *Hale v. Danforth*, 40 Wis. 382; *Stewart v. Stewart*, 41 Wis. 624; *Carney v. Gleissner*, 58 Wis. 674. It is true, the plaintiffs had the right to examine the husband as to any matters he had transacted as agent for his wife, and perhaps might have been allowed to show that he had, as her agent, her property in his possession. If such had been their object in offering the husband as a witness, they should have so stated at the time the offer was made; but, as the offer was to examine him generally as a witness in the case, the commissioner did not err in refusing to have him sworn. See *Menk v. Steinfort*, 39 Wis. 370, 375; *Mountain v. Fisher*, 22 Wis. 93.

In the view of the statute we have taken, it is clear the commissioner was right in refusing to make an order directing the husband, Hugh G., to pay over $300, which it is alleged he had in his hands belonging to his wife. If there was in fact any money in his hands belonging to his wife, the proper proceeding would have been to have asked the commissioner to appoint a receiver in the case, and to have directed such receiver to commence an action against the husband to recover the money in his hands for the benefit of the plaintiffs, or the plaintiffs might have garnished the husband or made him a defendant in a creditors' bill.

There was no error in awarding costs to the defendant. Sec. 3038 expressly authorizes the commissioner to allow to

the party examined witness fees and disbursements, and a fixed sum in addition, not exceeding $25, as costs.

We find no error in the record.

*By the Court.*— The order and judgment of the circuit court is affirmed.

A motion for a rehearing was denied November 3, 1886.