Geary vs. Geary.

GEARY, Respondent, vs. GEARY, Appellant.

*November 3 — November 23, 1886.*

*Liability of parent to pay for services of adult child.*

The fact that an adult daughter residing with her father rendered him valuable services raises no implied promise of payment; but an express promise to pay for such services is binding though no amount or rate of wages was agreed upon.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover for services rendered. The plaintiff is the daughter of the defendant. She resided with her father when she reached the age of twenty-one years, and continued to do so nearly eight years thereafter. She acted as his housekeeper (he being a widower), and worked in his family and in and about his farming and dairy business during that time, and rendered efficient and valuable services. This action was brought by her to recover compensation for such services.

The complaint alleges an express promise by the defendant to compensate the plaintiff for the services thus rendered by her *sui juris*, made at the commencement of such service and repeated several times thereafter. The defendant, in his answer, admits the service and denies the alleged promise.

The testimony given on the trial is sufficiently stated in the opinion. The jury found for the plaintiff, and assessed her damages at $1,155. A motion for a new trial was denied, and judgment entered for the plaintiff pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *Duffy & McCrory,* and oral argument by *Mr. McCrory.*

*H. J. Gerpheide* and *Maurice McKenna,* for the respondent.

Geary vs. Geary.

Lyon, J. The facts that the plaintiff continued to work for her father, the defendant, after she became twenty-one years of age, and rendered him valuable service for several years, raise no implied promise to compensate her therefor. . Before she can recover compensation for her services she must prove an express contract by her father to pay such compensation. This she must do by positive and direct evidence, or by circumstantial evidence equivalent thereto. These propositions are settled by the judgments of this court in *Tyler v. Burrington*, 39 Wis. 376, and in several earlier cases cited in the opinion by the late chief justice in that case.

The testimony on the part of the plaintiff is, that at or about the time the plaintiff became of age she proposed to leave her father, but remained in his service upon his assurance, repeated many times thereafter, that she should be well paid for her services. This testimony was controverted; but the jury evidently believed it to be true, and it is clearly sufficient to support a finding that the defendant expressly agreed to pay his daughter for her services. It is immaterial that no rate of wages was agreed upon. A promise *quantum meruit* is as binding upon the promisor as one which specifies the amount of compensation to be paid.

The rules above stated were fully and clearly given to the jury by the learned circuit judge. Some instructions were proposed on behalf of the defendant which were not given. But the substance of them, so far as they are a correct statement of the law and applicable to the case, is included in the general charge. This is sufficient. It is unnecessary to set out the charge or proposed instructions. The amount of damages assessed by the jury is within the range of the testimony of the value of the plaintiff's services. We find no error. The judgment must be affirmed.

*By the Court.*— Judgment affirmed.