BOSTWICK, Appellant, vs. ESTATE OF BOSTWICK, Respondent.

*February 28 — March 27, 1888.*

*Parent and child: Evidence of contract to pay for services rendered by father to son.*

Where aged parents have been living with a son as members of his family, having all their wants supplied by him, an agreement to pay for services rendered by the father during that time should be clearly shown in order to charge the estate of the son with a claim for such services.

APPEAL from the Circuit Court for *Monroe* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from the judgment of the circuit court of Monroe county. The appellant presented two claims against the estate of Edwin L. Bostwick, deceased, to the county court of Monroe county,— one for $555, for money alleged to have been loaned the deceased; and one for $1,360, for the services of the appellant at the rate of $25 per month, performed between the years of 1880, or 1881, to the death of the deceased in 1885. , The county judge of Monroe county being an attorney for the plaintiff, the hearing of the case was transferred to the circuit court of said county for trial. In the circuit court the case was tried by the court without a jury, and ·the circuit judge found against both of the claims; and from the judgment rendered by the circuit court, disallowing said claims, the claimant appeals to this court.

The circuit judge made the following findings of fact and conclusions of law: "That *John Bostwick* [the claimant] was father of E. L. Bostwick, deceased; that for many years said *John Bostwick* lived in the family of said E. L. Bostwick as a member thereof, superintending the operation of his son's farm in his son's absence, selling the

produce of said farm, receiving the avails thereof, and discharging the debts and liabilities growing out of the management of the farm; that during his son's absence said *John Bostwick* deposited in his own name, in the Bank of Tomah, various sums received by him from the sale of produce of said farm, the property of his said son; that on the 18th day of December, 1882, said *John Bostwick* turned over to his said son, E. L. Bostwick, the amount then remaining unexpended of said sums so deposited, which balance so turned over was not a loan, but was so turned over as the property of said E. L. Bostwick, which transaction constituted the alleged loan from said *John Bostwick* to said E. L. Bostwick; that no agreement was ever made for the repayment of said sum to *John Bostwick;* that all the services rendered by said *John Bostwick* in and about the superintending said farm were rendered by him as a member of the family of said E. L. Bostwick, and without express or other agreement for compensation; that just and equitable provision was made by the will of said E. L. Bostwick, deceased, for the support and maintenance of said *John Bostwick;* that said claimant has failed to prove any of the material allegations of his two several complaints." As conclusions of law the court finds "that said claims, and each of them, should be and are hereby disallowed."

For the appellant there was a brief by *Dickinson & Graham,* and oral argument by *Mr. S. N. Dickinson.*

*George Graham,* for the respondent.

TAYLOR, J. The only question for the determination of this court is whether the findings of fact are supported by the evidence. After reading the evidence in the case we have no hesitation in saying that the findings are not only supported by the evidence, but that every reasonable presumption arising upon the evidence sustains them.

As to the $555 claimed to have been loaned by the appel-

lant to his son, by a transfer of that amount, standing to the credit of the appellant in the Bank of Tomah, to the credit of his deceased son, the evidence very clearly shows that the whole sum so standing to the credit of the appellant in said bank, and which was transferred as above stated, was, in fact, the money of the deceased which had been theretofore received by the appellant upon sales made by him of property of the deceased, as his agent, and deposited in said bank to his personal credit; and that the transfer was made to the credit of the deceased because the money belonged to him, and not as a loan to him.

The claim for services has no substantial support by the evidence in the case. The claimant is the father of the deceased. On January 1, 1881, the time he claims his services for which he has not been paid commenced, he was about seventy-seven years old, and was living in his son's family with his aged wife, eating at the same table, supplied with money to pay for his clothing, medical attendance, and other necessaries, by his son, no account being kept, either by the father or son, for services rendered or for money supplied to the father and mother for clothes, medical attendance, or other necessaries provided by the son, and no satisfactory evidence that there ever was any agreement on the part of the son to pay any wages for such services as the aged father was able to and did perform for him. It seems to us that a father and mother living in the family of a son, having all the necessary wants supplied by the son as members of his family, the father being of the age of seventy-seven years when he commenced so living, and living with him until he was about eighty-two years old, ought to make out a pretty clear case of an agreement on the part of the son to pay him wages for his services, when he seeks to charge the estate of such son with a claim for such services after his death. There certainly is no such clear evidence of a contract in this case as should take the

case out of the general rule as laid down by this as well as all other courts in cases of this kind. *McGarvey v. Roods* (Iowa), 35 N. W. Rep. 488; *Byrnes v. Clark*, 57 Wis. 13, 21; *Tyler v. Burrington*, 39 Wis. 376; *Wells v. Perkins*, 43 Wis. 160; *Manseau v. Mueller*, 45 Wis. 430; *Pellage v. Pellage*, 32 Wis. 136; *Mountain v. Fisher*, 22 Wis. 93; *Leary v. Leary*, 68 Wis. 662, 671; *Geary v. Geary*, 67 Wis. 248. Most of the cases cited are cases where the son or daughter claims for services rendered for the father, but the same rule applies where the father claims for services rendered for the son under similar circumstances. See *Leary v. Leary, supra,* and *Harris v. Currier*, 44 Vt. 468; Schouler, Dom. Rel. (3d ed.), sec. 270, p. 379.

All the evidence in the case shows that the deceased son was disposed to and did deal with his aged father and mother in a dutiful and kindly way, during his life-time; and at his death he made, considering his ability, at least, no niggardly provision for the support of his father during the remnant of his days.

We find nothing in the record to impeach the justice of the findings and judgment of the circuit court.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 37 N. W. Rep. 405.— REP.