Farrell vs. Ledwell.

FARRELL VS. LEDWELL.

*Husband and wife, as witnesses for or against each other.*

There is nothing in our statutes which (in a case not coming within the exceptions at common law) permits a wife to be a witness for or against her husband in an action to which she is *not a party.*

APPEAL from the Circuit Court for *Winnebago* County.

Trespass to the person. The court refused to receive the testimony of defendant's wife in his behalf. Judgment for the plaintiff; and the defendant appealed.

*C. Coolbaugh*, for appellant.

*Earl P. Finch*, for respondent.

DOWNER, J. Did the circuit court err in excluding the wife of the appellant from being a witness on his behalf? The common law excludes the wife from testifying for or against her husband in an action to which he is a party. There are exceptions to this rule, but it is conceded that she, in this case, is not within any of them. If she was erroneously excluded, it was by reason of statutory provisions. Sec. 2, ch. 134, Laws of 1858, provides that "a party to a civil action or proceeding may be examined as a witness in his or her own behalf on the trial." This statute gives the right to the wife, in actions to which she is a party, to testify on her own behalf; and we have held that she is a competent witness in an action by her for divorce. It was held in *Hooper v. Hooper and Ellen·his wife*, 43 Barb., 292, being an action for a personal tort committed by the wife alone, that she was a competent witness in her own behalf under a similar statute. See also *Marsh v. Potter*, 30 Barb., 506.

Sec. 50, ch. 137, R. S., provides, that "no person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same as a party or otherwise." This statute removes the objections that the person offered is either a party to the action or interested. It is said, if interest is no longer any objection to the wife testifying for or against her husband, and if, when she is a party to the action, she can testify for her husband the same as any other witness, why should she be held incompetent when not a party?

The common law does not exclude husband and wife from testifying for or against each other solely on the ground of in-

terest, or because they or either of them are parties to the action, but on a principle of public policy, to prevent dissensions between them. To secure the greatest confidence in this relation, it not only prohibits either from testifying to confidential communications, but excludes them, with certain exceptions, from testifying for or against each other. The statute has broken in upon the rule so far as to permit them to testify when *parties* to actions. We can go no farther. The wife was incompetent to testify for her husband, and properly excluded; not because she was interested, but because no statute has repealed the common law rule which excludes her in such case. A similar view was taken of similar statutory provisions in *White v. Stafford*, 38 Barb., 419. See also *Hasbrouck v. Vandervoort*, 5 Seld., 153.

*By the Court.*—The judgment of the circuit court is affirmed.