## BUTTS VS. NEWTON.

*Agency of wife. Evidence of authority or ratification. Witness, wife in husband's suit.*

1. In replevin, defendant claiming the property under a transfer from plaintiff's wife to him in settlement of his claim against plaintiff, evidence that plaintiff had absconded before such transfer; that he left his house secretly in the night, by a by-road, declaring his intention never to return, and that he designed to conceal the place whither he had gone — was inadmissible; since those facts would not have shown any implied authority in the wife to dispose of the property.

2. If it had been proposed to show that plaintiff *abandoned his property* leaving it wholly to the control and disposition of his wife, and intending never to return to it or to her, and never to assert ownership of it thereafter, the rule might be different.

3. *It seems*, also, that in case of such an absence of the husband, as was here offered to be shown, the wife would have authority to sell and dispose of his property for the necessary support of herself or his family, and the law would likewise presume that she was authorized to care for and preserve the property, and to do such acts and make such contracts as might be necessary for that purpose, and probably also, in most cases, to carry on his ordinary business; but, apart from this, he would retain the dominion and right of disposition of his own property.

4. Defendant might establish his right of property by showing either an *express grant* by plaintiff to his wife of authority to make such transfer, or a subsequent *ratification* thereof.

5. An authority *to sell* property is not an authority to transfer it in payment of the owner's debts.
6. The fact that plaintiff, after his return, confirmed *other* contracts and transactions of his wife, is no evidence of a ratification of the contract in question.
7. There was no error in refusing an offer to prove that the property in controversy was the proceeds of property originally belonging to the wife in her own right, and which she claimed to own, and that plaintiff, at the time of his departure, took with him property for his own use, leaving, as a fair proportion for her use, enough in her hands (including that in controversy) to reimburse her for what he had received from her. Such facts would not show legal title to the property in her, nor authority to sell.
8. The wife would not have been a competent witness to prove said facts, if they had been material, or any other fact except her agency. *Farrell v. Ledwell*, 21 Wis., 182.

APPEAL from the Circuit Court for *Dodge* County.

Action to recover the possession of certain personal property alleged in the complaint to be wrongfully withheld by the defendant, under a pretended sale or transfer from the wife of the plaintiff, her authority to make it being denied by him.

Answer a general denial.

The greater portion of the property was replevied and returned to the plaintiff.

On the trial, the plaintiff proved his title to the property, its value, the taking by the defendant, and his refusal to return it on demand.

The defendant proved that the property was turned out to him by the plaintiff's wife, in settlement of some claims in defendant's favor, on which suits had been commenced against the plaintiff, and attachments issued, the plaintiff being absent at the time. For the purpose of showing the authority of the plaintiff's wife to act for her husband, the defendant was permitted to show that the plaintiff left home on a Sunday, a short time before the transfer, and remained absent for about a month ; that he told his servant, who carried him to a railroad station, that he was going to the state of New York on a visit, and directed such

servant to do as plaintiff's wife might direct, as to the delivery of some hogs which he had sold, and as to hauling off and selling grain; also, that plaintiff's wife during his absence sold some property and paid some debts to other parties, which acts the plaintiff ratified on his return; and that he wrote certain letters to his wife, urging her to dispose of his property and come to him, saying that he could not return there to live. The loss of the letters was shown by the wife, and their contents were proved by witnesses to whom she had read them. All of this testimony was taken under plaintiff's objections. The defendant further offered to prove that when the plaintiff left home he did so secretly, in the night time, in order to avoid a criminal prosecution then pending against him, and took a by-road to a distant railroad station, not intending to return; but the court excluded the testimony.

The plaintiff's wife was called as a witness by the defendant, and admitted by the court to establish the fact of her agency and what she did under it, but, not having been questioned directly on those points by the defendant, was afterwards recalled by the plaintiff, and after testifying that she had no authority to act for him, was permitted to testify as to the circumstances of her turning out the property to the defendant.

On cross-examination, the defendant sought to show by her that the property in controversy was the proceeds of property originally belonging to her in her own right, and which she claimed to own, and that the plaintiff, at the time of his departure, took with him property for his own use, purposely leaving enough in her hands to reimburse her for what he had received from her, of which the property in controversy was a part; but was not permitted to do so. Her testimony as to everything except the alleged agency was afterwards stricken out.

The defendant also offered the sworn complaint in an action for a divorce, filed by the plaintiff's wife in the circuit court for Fond du Lac county, during his absence, for the purpose of con tradicting her present statement, but the testimony was excluded.

The validity of the defendant's claims, in settlement of which the property was turned out by the plaintiff's wife, was disputed by the plaintiff, anl much testimony was offered on that point.

The court refused to charge the jury, as requested by defendant, that if the plaintiff absconded and left his wife without an intent to return, leaving no one else in charge of his personal property, the sale and delivery of the property by her in settlement of defendant's claim against her husband was a bar to his recovery; that the retention by the plaintiff of receipts given to his wife upon her so turning out property left in her custody during his absence, with full knowledge of the facts, and without offering to return them, was evidence of his ratification of her act; that the wife in the absence of her husband must be considered as having general authority to exercise the usual and ordinary control over his property which must be possessed by some one, and the circumstances of his absence might be considered in determining the kind and extent of her authority; that the acts of a wife, supported by evidence of the husband's assent to other acts of the same nature in the same business, might bind him; that if he wrote to her, giving her general authority to sell and dispose of his property, or to settle up and do the best she could, her turning out the property in settlement of defendant's claim was binding upon him, in the absence of fraud; and that, in determining whether the consideration for the settlement was good or bad, it was not necessary for the jury to pass upon the validity of the claim in law; but charged them, in substance, that, in order to sustain the defense, they must find not only that the plaintiff's wife turned out the property in satisfaction of claims which were *valid*, but also that she had authority from her husband to do so; that a general authority to dispose of his property in payment of his debts would be sufficient, but a mere authority to dispose of or sell the property is not sufficient to authorize her to turn it out in payment of debts; that the mere fact that the

plaintiff left home and went away would not give his wife authority to do so; that the mere fact that he ratified some of her acts and not this one, would not authorize them to find "that he had authorized this to be performed, either specially or by a general authority to settle and pay debts"; and that his refusal to ratify this, and his statement that the claim was an unjust one, were not of themselves sufficient to negative or disprove her authority; but they must consider all the facts and circumstances of the case in determining that question.

Verdict and judgment for the plaintiff; and the defendant appeals.

*Edward S. Bragg*, for appellant.

*Gillett & Taylor*, for respondent:

1. The plaintiff's wife was not a competent witness against his objection, to prove the receipt of letters from him and their loss or destruction. 2 Kent Com., 178; *State v. Dudley*, 7 Wis., 644; *United States v. Mills*, Burnett, 183; *Schoeffler v. State*, 3 Wis., 823; *Birdsall v. Dunn*, 16 id., 235. Her testimony could not, therefore, be used as a foundation to render proof of their contents admissible. 1 Greenl. Ev., § 254. 2. No express authority to the wife to transfer the property in payment of debts was shown. The ratification by the plaintiff of some payments made by his wife not before expressly authorized is no proof that she was authorized to settle anything else. An authority to an agent to *sell* property gives him no power to turn it out on his principal's debts. 2 Kent, 617. 3. At common law a wife cannot make a valid contract, so as to bind, either herself or her husband. *Martin v. Duolly*, 6 Wend, 11; *Heath v. Van Cott*, 9 Wis., 516. The wife of an absconding husband has not, for that reason, any authority to sell, much less to turn out his property to pay his debts. *Savage v. Davies*, 18 Wis., 608. His absence does not give her the general authority to exercise the usual and ordinary control of his property, nor does the intended length of such absence aid in determining the kind or extent of her authority. 4. His retaining the receipts taken by

her without any demand having been made therefor, is not a ratification of her act.

Dixon, C. J. The question as to the implied authority of the wife of the plaintiff, during the absence of her husband, to sell the property in controversy to the defendant, seems to be very nearly controlled by the decision of this court in *Savage v. Davis*, 18 Wis., 608, and the case there most approvingly quoted of *Benjamin v. Benjamin*, 15 Conn., 347. In *Savage v. Davis*, where the husband was absent from home but a day or two, leaving his horse in the general care of his wife, who had hired it to the defendant, it was held that the law would not presume that the wife was authorized to enter into such contract of hire as the agent of her husband during his absence. The case of *Benjamin v. Benjamin* was much stronger upon its facts in support of the implied authority of the wife to loan or dispose of the property of her husband during his absence, if any such authority exists or is to be implied from his mere absence. A attached, in a suit against B on a note, certain lands of B and the grass growing thereon; and thereupon the wife of B gave A leave to cut and gather the grass, and to sell it on execution in such suit, and apply the avails thereon; which was accordingly done. In an action of trespass, brought by B against A, for taking the grass, the defense relied upon was, the arrangement thus made between A and B's wife. It appeared, that previously to the acts complained of, B left his wife and family in a dwelling house on said land, and went to one of the southern states, leaving her in the sole occupation of such house and land, without committing the charge or management thereof, or of any of his farming business, to any other person; that she, during her husband's absence, caused his farm to be cultivated, and his stock of cattle upon it to be taken care of; that she hired out and lent the working oxen; and that she hired a laborer, for the period of three months, whose wages were paid by B after his return. *Held*, that in the

absence of any authority, general or special, expressly given by B to his wife to make the arrangement in question, or of any subsequent ratification thereof by him, the law, under the circumstances stated, implied no authority in her to do such act; consequently the defense set up could not prevail.

In the case at bar, the endeavor on the part of the defendant was, to show that the plaintiff had absconded; that he left his home secretly in the night time by a by-road, announcing his intention never to return; and also that his purpose was to conceal the place whither he had gone. Testimony to these facts the court below steadily refused to receive, but did allow the defendant to show that the plaintiff left home. Many of the exceptions to the exclusion of the evidence offered, and to the rulings of the court sustaining objections to questions put by the defendant, as well as his exception to the refusal of the court to grant the first request to charge made by him, are connected with this point; and the inquiry arises, whether it was material to the rights of the defendant that such facts should have been shown, or if they had been, whether any implied authority on the part of the wife of the plaintiff to sell the property in controversy would have arisen from them. It is the opinion of this court, that no such legal inference could have been properly drawn, and, consequently, that the exceptions, one and all, must be overruled. If the proposition had been to show that the plaintiff abandoned his property, leaving it wholly to the control and disposition of his wife, and intending never to return to it or to her, and never to assert his title or ownership of it in the future, another question would have been presented, and perhaps one requiring a different answer. But to assert that when the owner of property has absconded, *eo instanti*, his wife is clothed with full implied legal authority to sell and dispose of his property as she pleases and as if she were the owner, is a proposition which seems to us altogether unreasonable, and not sustained by any of the principles or analogies of the law governing the subject. Such a person is

is a mere absent owner, with nothing to distinguish his case in this respect, or the implied authority of his wife, from that which arises in any other case of mere absence, unless the law might be more liberal in implying authority on her part to sell and dispose of his property for the necessary support of herself or his family. The latter authority she would undoubtedly have, and the law would likewise presume that she was authorized to care for and preserve his property and effects, and to do such acts and make such contracts as were necessary for that purpose, and probably, in most cases also, to carry on and conduct his ordinary business and affairs. But further than this all implied authority would cease, and he would retain, like any other absent owner, the dominion and right of disposition of his own property.

It is true that by the terms of one of the offers which was made, it was proposed to show that the plaintiff "directed his wife to make such disposition of his property as best she could." That offer was, however, preliminary to certain questions proposed to be asked, and was not ruled out by the court.

The defendant was not excluded in any part of the trial from showing any authority, general or special, expressly given by the plaintiff to his wife.

It being seen that no implied authority was shown, or could have been, to make the sale, the next point of inquiry is as to the express authority which was claimed; for upon that alone must the title of the defendant and his right to retain the property have depended. Such express authority might have been established, either by proving a previous grant of it by the plaintiff, or by showing a subsequent ratification by him with full knowledge of the facts. It is contended by counsel for the plaintiff, that such authority was not proved in either of these ways, and that there was no evidence given upon the trial from which the jury would have been justified in finding that it existed. An examination of the bill of exceptions as returned here, satisfies us that no such evidence is contained

in it. The only evidence of a previous grant of authority was that given in the letters of the plaintiff to his wife, the contents of which were shown by the two witnesses examined on that subject. The authority contained in those letters was an authority to sell, strictly, and nothing more. It is needless to dwell upon a principle so plain and well settled as that such an authority confers no power to sell or transfer in payment of the debts of the principal.

The only evidence of subsequent assent or ratification was, that the plaintiff confirmed other distinct contracts and transactions of his wife occurring during his absence. It is needless, on this point, also, to argue that the plaintiff, supposing no previous authority had been given, might ratify some of the acts done by his wife in his name, and at the same time repudiate others; or that such ratification of some alone would not justify the inference, either of previous authority given for, or of subsequent intention to assent to, the others. To these two points in the charge of the court exceptions were taken by the defendant, whilst all the residue of the charge, which was in general quite favorable to the defendant, was unexcepted to by either party.

The offer of the defendant to show that the property in controversy was the proceeds of property originally belonging to the wife in her own right, and which she claimed to own, and that the plaintiff, at the time of his departure, took with him property for his own use, leaving, as a fair proportion for her use, enough in her own hands to reimburse her for what he had received from her, and that the property in controversy was a portion of that property so left, was also properly rejected. The facts so offered to be proved were insufficient to show that the legal title of the property was vested in the wife, and incompetent for the purpose of showing authority from her husband to sell. And besides, the testimony thus offered was to be given by the wife herself as a witness on the stand. Her testimony upon all points except the alleged agency was afterwards

stricken out by the court; and that she was incompetent as a witness upon all other questions, is shown by *Farrell v. Ledwell*, 21 Wis., 182.

The objection that the receipt given by the defendant to the wife had not been returned to him, and that the retention of it by the plaintiff was a ratification of the acts of the wife, is sufficiently answered by the fact that no demand for it appears ever to have been made by the defendant. It was furthermore not in evidence, so far as the bill of exceptions discloses, that the receipt ever came to the hands or possession of the plaintiff at all.

The propriety of the refusals of the court to give the defendant's several requests to charge after the first, will in general appear from what has already been said. That the second request was properly refused will clearly so appear. The third request was clearly erroneous, because to the effect that the wife, in the absence of her husband, no matter for what length of time or under what circumstances, has plenary power over his property, or, in the words of the request, "general authority to exercise the actual and ordinary control over his property, which must be possessed by some one." The fifth request was improper because it assumed that the wife was authorized generally to settle claims against her husband, of which there was no evidence in the case. The sixth request was also irregular, because not coupled with the further proposition that the jury should also find that the alleged agent was authorized to make such settlement. But, as observed by counsel for the plaintiff, this instruction was in substance given in the general charge.

A final ground upon which the verdict of the jury may have been found under the charge of the court is, that the claims of the defendant upon which he obtained the property from the wife were unfounded; and that they were knowingly and fraudulently presented with a design to obtain the property without an equivalent. If the verdict of the jury was found upon this

ground, which was fairly submitted to them as one of those upon which they might find for the plaintiff, it is quite obvious from a perusal of the testimony that such verdict could not be disturbed.

It appears from the whole case, therefore, that there was no error in the proceedings, and that the judgment should be affirmed.

*By the Court.*— Judgment affirmed.