O'Conner vs. Hartford Fire Insurance Company.

O'CONNER vs. THE HARTFORD FIRE INSURANCE COMPANY.

FIRE INSURANCE: (1) *Construction of policy.* (2) *Objections to proofs, how waived.* (3–5) *Agency of wife, when presumed — how proved.* (6) *Verification by agent.* (7, 8) *Witness, wife for husband.*

1. Where a fire insurance policy requires that "in case of a loss, the insured shall give immediate notice thereof, and shall render to the company a particular account of said loss, under oath, stating," etc.,

O'Conner vs. Hartford Fire Insurance Company.

the court are inclined to think (1) that only the *notice*, and not the "particular account," is required to be immediate; and (2) that an immediate *verbal* notice is sufficient.

2. Where the company declines to receive the proofs of the loss, and to pay it, upon the ground of insufficiency or informality in such proofs, or because they are made out of time, it is bound to disclose to the assured the grounds of such refusal, as then known or believed to exist by its officers or agents having charge of the business; otherwise the objection will be considered as waived.

3. The authority of an agent (when not in writing, nor required to be) may be proved by the testimony of such agent; and this rule holds good where a wife acts as agent of her husband.

4. Where a married man owning property covered by a fire insurance policy, was absent from home for fourteen months before a loss occurred, and continued to be absent at the time of the trial of an action upon the policy (nearly three years after his departure), and was totally ignorant of the loss and the circumstances attending it: *Held*, that there arose *ex necessitate* an authority in the wife, as his agent, to make the proofs and do other acts required of the assured.

5. Testimony of the wife that the husband had told her "to care for the place and property," "to take care of it the same as himself," until he returned, would also tend to show an *express* delegation of power to her to act as his agent in the matter of such loss.

6. An objection that the policy requires "the assured" to give the notice, and verify the proofs by his oath, cannot avail, where, in the permanent absence of the assured, the notice has been given and the proofs verified by his agent left in charge of the property.

7. The wife, who has acted as her husband's duly authorized agent in such a case, is a competent witness as to facts within her knowledge connected with such loss.

8. But the defendant company was not entitled to show by the testimony of the wife, that plaintiff did not hold the legal title to the land, but only an executory contract therefor; such fact not being one which had occurred within the scope of her agency, or with which she was connected as such agent.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action upon a fire insurance policy. The complaint contains the usual allegations as to the making and terms of the policy, the plaintiff's title in fee to the premises, the loss, and the notice and proofs thereof furnished to the defendant company, and its failure to perform the contract on its part. The answer

denies generally the allegations of the complaint, and also alleges
that the plaintiff was not the owner of the land on which the
insured dwelling stood, either at the time the policy was issued
or at the time of the suit, but held under an agreement to pur-
chase, and had not paid the purchase money, and that such fact
was not known to the company at the time the policy issued,
nor mentioned in the written part of the policy as required by
the terms thereof; and it further alleges that the plaintiff did
not give due notice of the loss sixty days before suit, nor ren-
der a particular account of said loss under oath, as required by
the conditions of the policy.   At the trial, the wife of the plain-
tiff was sworn in his behalf, against the objections of the de-
fendant, and testified that her husband·was absent, and had
been absent nearly three years; that in his absence she had
charge of the family; that she occupied the premises with her
family at the time of the insurance, and up to the time of the
fire, and that, when her husband went away, he told her to care
for the place and property the same as himself until he returned;
and that he left his papers and the insurance policy with her.
She also testified concerning the fire, and the property de-
stroyed, and its value; that the fire occurred April 8, 1870, and
that four days afterward she gave personal notice thereof to the
local agent of the company.   On cross examination, she testified
that she heard from her husband about the time of the fire, and
had written to him since, but said nothing about it in her letter,
and she did not know that he had ever heard of it.    There was
other proof of the circumstances of the fire, and the property
lost.   The proofs of loss, made out and sworn to by the plain-
tiff's wife on the 13th of August, 1870, were then admitted in
evidence, the defendants' objections — that they were not made
by the plaintiff, but by his wife who was incompetent; that
they were insufficient, and did not show that plaintiff was the
owner of the real estate on which the building was situated;
and that they were not made in proper time — being overruled.

Plaintiff also introduced a letter from the general agent of

the company to plaintiff's wife, dated September 30, 1870, notifying her that the company declined to receive the paper executed by her as proofs of loss, and declined to admit any liability to the plaintiff until the loss was established in the manner provided by the terms of the policy; but not stating any more specific ground of objection to such proofs.

A motion for a nonsuit having been overruled, defendant recalled plaintiff's wife, and proposed to show by her that her husband had merely a contract for the purchase of the lot on which the insured building stood; but, on plaintiff's objection, the testimony was excluded. There being no further evidence, the court directed a verdict for plaintiff. From the judgment entered on such verdict, the defendant appealed.

*Gillett & Taylor*, for appellant:

1. The proofs were not delivered in time, nor were they made by the assured as required by the terms of the policy. The plaintiff's wife could not have been his agent to make the proofs. She swears that she does not know that he ever heard of the fire. She was not a competent witness to prove her own agency, or the other facts testified to by her. *Schœffler v. The State*, 3 Wis., 823; *Farrell v. Ledwell*, 21 id., 182; *State v. Dudley*, 7 id., 664. 2. By the terms of the policy, the fact as to the ownership of the land on which the insured building stands, must be stated in the written part of the policy; otherwise, it is void. Here the answer denied the plaintiff's ownership, but the court excluded the testimony offered on that subject, which was error. The fact that this specific objection was not made by defendant's agent in declining to receive the proofs of loss, cannot avail the plaintiff, because the agent's letter does not admit any liability on the part of the company, nor does it appear that the company knew the truth as to the title at that time. Even if the company did know the facts, no admisssion of its agent, not amounting to a clear promise to pay, would bind the company. The answer put in issue the allegation of

plaintiff's ownership, and it was incumbent on the plaintiff to prove it; but there was no proof except of occupancy. 3 Hill, 88; 3 Denio, 301; 2 N. Y., 301; id., 210; 5 id., 405.

*Coleman & Thorp*, for respondent:

1. A wife can act as agent for her husband, and in all cases when she so acts she is a competent witness in his behalf. *Birdsall v. Dunn*, 16 Wis., 235; *Savage v. Davis*, 18 id., 608; *Weisbrod v. C. & N. W. R. W. Co.*, id., 35. Her agency may be proved in the same manner as that of any other agent. She is competent to prove her own authority given by parol, and that she acted within its scope. *Downer v. Button*, 6 Foster (N. H.), 338; Dunlap's Paley on Agency (4 Am. ed.), 309, 311, 312, 319; *Rumball v. Wright*, 1 Carr. & Payne, 589; *Lowber v. Shaw*, 5 Mason, 241; *Rice v. Gove*, 22 Pick., 158; *Ilderton v. Atkinson*, 7 Term, 480; *Knapp v. Smith*, 27 N. Y., 277; *Bodle v. Ins. Co.*, 2 id., 53. It was competent for her to testify as to the destruction of the property by fire, its value, etc., because it was within the scope of her agency. *Hobby v. Wis. Bank*, 17 Wis., 167. 2. Proofs of loss can be made by an agent duly authorized. Dunlap's Paley, 1, 2, 3; 2 Kent's Com., 612, 613; Story on Agency, 236. 3. The immediate notice of loss required by the policy was not required to be in writing. A verbal notice to the agent is notice to the company, and sufficient. *Phillips v. Ins. Co.*, 14 Mo., 220; *N. Y. Central Ins. Co. v. Ins. Co.*, 20 Barb., 468; *Bartlett v. Ins. Co.*, 46 Me., 500; *Sexton v. Ins. Co.*, 9 Barb., 191; *Roumage v. Ins. Co.*, 1 Green (N. J.), 110. 4. The company, by placing its refusal to pay the loss on the sole ground of the insufficiency of the proofs, thereby waived all other objections; hence proof of title was immaterial. *Warner v. Ins. Co.*, 14 Wis., 318; *Bumstead v. Ins. Co.*, 12 N. Y., 81; *Shepherd v. Mil. Gas Light Co.*, 11 Wis., 234. 5. A person in possession of real estate under a contract for its purchase, has an insurable interest. *Allen v. Ins. Co.*, 5 Gray (Mass.), 384; *Curry v. Ins. Co.*, 10 Pick., 535.

Dixon, C. J. It is objected that the proofs of loss furnished to .the company were not made within proper time. The fire occurred April 8th, and the proofs of loss were made (sworn to) the 13th of August after. The requirement of the policy is, that "in case of loss, the insured shall give immediate notice thereof," and then immediately follow the words, "and shall render to the company a particular account of said loss; under oath, stating the time, origin and circumstances of the fire," etc. It may be considered, perhaps, questionable whether this word "immediate" applies to or qualifies anything but the notice, or extends to any of the subsequent conditions or acts which the assured is required to perform. We are inclined to think it does not so extend, but is limited in its application to the notice; and this not being required to be in writing, immediate verbal notice satisfies the condition. In the present case it appears that immediate verbal notice of the loss was given to the local agent of the company.

But, if we are wrong in the above conclusion, there are other facts disclosed which, in our judgment, show a waiver of the objection on the part of the company. This court is prepared to affirm, as a general principle applicable to all cases of this nature, that, where the company declines to receive the proofs of loss and to pay it, upon the ground of any insufficiency or informality in such proofs, or because made out of time, as was done in this instance, it shall, in its communication to the assured, state the grounds of such refusal on its part, as the same are then known or are believed to exist by the officers or agents having charge of the business. This conclusion as to the legal duty under such circumstances of the officers and agents of such companies, was strongly intimated in the case of *Killips v. Putnam Fire Ins. Co.*, 28 Wis., 472; *S. C.*, 1 Ins. Law Journal, 169. The remark was called out there by what was considered the unfair and disingenuous conduct of an agent of the company. Nothing of the kind can be attributed to any agent here; but, as the relation between assured and

insurer is, to a great extent, one of trust and confidence, requiring the utmost good faith and candor on both sides, we cannot think that the law will permit, much less encourage, the company in objecting to the form of the proofs, without at the same time informing the assured what the objections are. In this instance, we are glad to say that the obligations of the law and the obligations of private or individual courtesy and of the civilities of ordinary business intercourse, as recognized among well bred people, exactly coincide. The company requires the assured to make the fullest disclosure and submit to the most rigid examination, on his part, which is all very proper; and why should not the company in turn notify him of the objections it takes to the form and sufficiency of his proofs, and of its reasons for refusing payment? It is the opinion of this court that it should.

It is objected that it was incompetent for the wife of the plaintiff to testify to the facts showing her agency for her husband, in the transactions connected with the insurance or the proof of the loss. It is well settled in this state, that the wife, having acted as agent of her husband, is a competent witness for him, to prove any act done by her or fact transpiring within the scope of such agency. It is a well settled principle generally, as appears from the citations by counsel for the plaintiff, that the authority of an agent, when not in writing or required to be, may be proved by the agent himself. This principle, which governs in the proof of all other agencies, cannot be denied operation in the single case where the wife acts as the agent of the husband, or the husband as the agent of the wife. No reason is assigned for the discrimination, and it is believed none in fact exists.

In the present case, the plaintiff and husband was absent from home at the time the house took fire, and, with its contents, was consumed. He was not absent temporarily, but had been gone over fourteen months when the burning took place, and was still absent when the cause was tried in the court be-

O'Conner vs. Hartford Fire Insurance Company.

low, nearly three years after his departure. In *Meek v. Pierce*, 19 Wis., 300, this court held that the wife, left in charge of the house and premises of the husband during his temporary absence from home, did not become his agent in such a sense that she could bind him by her consent to have the premises searched for stolen property ; nor were the circumstances such as to make her a competent witness in his behalf, in an action of trespass by him against the persons making the search, to show that such consent was not given. In a late case it was also held, that the wife of a husband who had absconded did not thereby become his agent with general authority to sell or dispose of his personal property. *Butts v. Newton*, 29 Wis., 632. But in a case like the present, with the husband permanently absent and totally ignorant of the loss or destruction of the property and of all the circumstances attending it, as also of the kind, value and quantity of property destroyed, it would seem that the authority of the wife to make the proofs and do other necessary acts required of the assured, and her competency as a witness to testify to facts alone within her knowledge, would at once *ex necessitate* arise. Such, in the judgment of this court, were the authority and competency of the wife here, in the absence of any express directions or delegation of power from her husband to her. But there was evidence of such express power. She testifies that he told her "to care for the place and property until he returned ; "—" to take care of it the same as himself until he returned."

The objection, based on a strict and literal construction of the language of the policy, that no one but "the assured" can give the notice, and that the proofs must be verified by his oath, and cannot, under any circumstances, be verified by the oath of another, is too refined and unreasonable to merit serious consideration. It is proper, however, to observe that counsel do not urge it, though it seems to have been looked upon as important by some of the agents of the company.

The exception to the ruling of the court excluding the evi-

dence offered by the company for the purpose of showing that the plaintiff, who was represented in the application and policy as the owner of the land on which the house stood, was not such owner, but held only an executory contract for the purchase of it, resolves itself into a question of the competency of the wife of plaintiff to give testimony upon that subject. The company recalled the wife as a witness in its behalf, and the offer was to prove by her testimony that the husband held only a contract for the purchase of the lot. The court excluded the testimony, on the ground that the wife could only testify as to those facts which came within the scope of her authority as agent of her husband during his absence, and that this was not such a fact. The court observed the distinction which the decisions clearly maintain, as to the extent of the wife's competency as a witness for or against her husband in actions to which he is a party, and the ruling was obviously correct. *Birdsall v. Dunn*, 16 Wis., 235; *Hobby v. Wisconsin Bank*, 17 id., 167 ; *Schæffler v. The State*, 3 id., 823 ; *Farrell v. Ledwell*, 21 id., 182 ; *Butts v. Newton, supra*; *Barnes v. Martin*, 15 id., 240 ; *Hays v. Hays*, 19 id., 182; *Crook v. Henry*, 25 id., 569; *The State v. Dudley*, 7 id., 664. The wife in this case was competent, and might be examined as a witness as to all facts transpiring within the scope of her agency, and whilst she was acting as the representative of her husband; but she was not a general witness in the cause. The inquiry concerning her husband's title or want of title to the lot at the time he obtained the insurance, was not an inquiry into any fact or act transpiring in the course of her agency, or with which she was connected in the capacity of agent. It was a general fact, disconnected with her representative character, and of which she was incompetent to speak as a witness. The company, if desirous of establishing the fact, if it were a fact, should have offered to prove it by some competent witness or other admissible evidence.

It appears from the whole record, therefore, that there was

no error for which the verdict or judgment should be disturbed, and that the judgment must be affirmed.

*By the Court.*— It is so ordered.