## THE GERMAN FIRE INSURANCE COMPANY OF PEORIA

*v.*

## WILLIAM GRUNERT.

*Filed at Ottawa November 17, 1884.*

1. AGENCY—*powers of a general agent.* An agent, the principal being absent, having full charge, management and control of the business of the principal, must necessarily possess and exercise the same power and authority in the business that his principal could, if present. A general agency, until revoked, is coëxtensive in scope and duration with the business.

2. SAME—*power of general agent to sue for his principal.* Where a principal is absent, his general agent, having sole authority to manage his business, will necessarily have authority to bring suits to collect debts, and insurance in case of loss by fire, such power being essential to an efficient discharge of his duties.

3. SAME—*insurance—proof of loss by agent of assured.* Where a policy of insurance requires the assured, within thirty days after any loss by fire, to furnish proofs of the same, signed and sworn to by him, the proof of loss should be so signed and sworn to, unless there is some legal excuse. His absence at the time of the loss, and failure to return in time, is a sufficient legal excuse, and in such case the proofs may be signed and verified by his agent having charge of his business.

4. INSURANCE—*proof of loss—waiver as to time.* Where written notice and proof of loss are made out and delivered to the insurance company within the required time, by the agent of the assured, the latter being absent from home, and the company returns the notice and proofs, with objections thereto, and they are amended by the agent and again delivered, and they are again sent back for amendment, which is made, and this is repeated several other times, this will be held a waiver by the company of the objection that such notice and proofs were not delivered in proper time.

5. SAME—*of the signature and jurat to the proofs of loss.* It was objected to certain proofs of loss that the signature and *jurat* thereto were insufficient, in that they showed a signature of William Grunert, the assured, "per Ernest Grunert, clerk and agent," and that Ernest Grunert, for William Grunert, made oath to the truth of the proofs. The objection was considered hypercritical. It appeared that Ernest Grunert, agent for William Grunert, signed and swore to the proofs, and that was sufficient.

6. SAME—*waiver as to misrepresentations in the application.* If an insurance company, after knowledge of the fact of misrepresentations by the assured in his application, demands of him that he make and deliver proofs of loss, it will, as a matter of law, be presumed to have waived any defence on account of such misrepresentations.

7. PLEADING AND EVIDENCE—*matter in estoppel—whether it must be pleaded.* Where the defendant in an action on an insurance policy pleads that plaintiff failed to furnish proof of loss in the time required, the latter may reply that such proof was waived; but such replication is not necessary to the admission of proof of such waiver. The doctrine of waiver in this connection is, in substance and effect, that of an *estoppel in pais,* and such estoppel, at common law, need not, although it might, be pleaded specially.

8. EVIDENCE—*relevancy—as to custom of insurance company in relation to proportion of value insured.* On the trial of a suit on a policy of insurance, the defendant's secretary was asked to state upon what proportion of the total value of personal property his company grants insurance: *Held,* that the question was properly refused. What was, in fact, done in the case,—not what was usually done,—was important.

9. SAME—*question involving an opinion of witness.* In the same case, the witness was asked, "You may state if, after the policy was issued by your company, you ascertained, at any time before or after the loss, that W. G., in his application for insurance, misrepresented the value of the property:" *Held,* that the question was improper, as calling for an opinion or conclusion of the witness from facts, instead of calling for the facts themselves.

10. INSTRUCTION—*submitting two questions.* There is no error in the court modifying an instruction showing a right of forfeiture of an insurance policy for misrepresentation on the part of the assured, so as to make the right to insist on a forfeiture depend upon the fact whether such defence has not been waived. It is entirely proper, in such case, to submit the two questions,—the right to a forfeiture, and the waiver of that right,—in one instruction, when the evidence justifies it.

11. WITNESS—*impeachment.* On the trial of an action on an insurance policy, a witness was asked whether the figures in an account of one D. S. corresponded in amount with the figures given the witness by the plaintiff's agent in attempting to ascertain the amount of the loss, the attention of the witness not having been called to the matter, and made answer in reference thereto: *Held,* that the question was not proper.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding.

Messrs. STEVENS, LEE & HORTON, for the appellant:

The assured was the only person who could make and swear to the proof. *Spooner* v. *Fire Ins. Co.* 53 Vt. 153; *Kernochen* v. *Fire Ins. Co.* 17 N. Y. 433; *Ayers* v. *Fire Ins. Co.* 17 Iowa, 191; *Welsh* v. *Fire Ins. Co.* 54 Vt. 351; *Smith* v. *Fire Ins. Co.* 1 Allen, 297.

The court erred in excluding the proposed evidence of the company's secretary to show an over-valuation by the assured.

Counsel also made various other points upon the evidence and the instructions of the court.

Messrs. CRATTY BROS., FULLER & GALLUP, and Mr. GEORGE B. FOSTER, for the appellee:

Proof of loss should be made as required by the policy, both as to substance and time, or a legal excuse shown therefor. It is a good excuse for not making the same by the assured, that he is a non-resident, dead, absent or insane at the time of the loss, etc. Wood on Fire Insurance, p. 693, sec. 413; *Ayers* v. *Insurance Co.* 17 Iowa, 176; *Insurance Co.* v. *Grayville,* 74 Pa. St. 17; *O'Connor* v. *Insurance Co.* 31 Wis. 160; *Insurance Co.* v. *Adkinson,* 3 Bush, 328; *Sims* v. *Insurance Co.* 47 Mo. 54.

We submit that these proofs were full and sufficient, and made in time,—at least the objection as to them not having been made in time, was not made by the appellant, and may be considered waived. Wood on Fire Insurance, p. 715, sec. 417, and authorities cited.

The original proof was shown, and it appeared that the agent of appellee had, in good faith, attempted to correct the same, and comply promptly with the requirements of the company. The proofs did not create the liability to pay the

loss. All the elements of an *estoppel in pais* are wanting in them, if such is the claim of appellant's counsel. The appellant did not rely on the proofs, and was not bound by them. They did not cause it to change its situation, or incur any liability by reason of them. On this point, see Wood on Fire Insurance, p. 736, sec. 427; *McMasters* v. *Insurance Co.* 55 N. Y. 222; *Parmalee* v. *Fire Ins. Co.* 54 id. 193; *Insurance Co.* v. *Stevens*, 48 Ill. 31.

Counsel also made other points upon the facts, evidence and instructions.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is assumpsit on a policy of insurance issued by the German Fire Insurance Company of Peoria, to William Grunert, on a stock of groceries in Winchester, to recover for a loss which occurred by fire on the 8th of September, 1880.

A question *in limine* is, whether there is error in the ruling of the circuit court on a motion made by defendant to dismiss the action, on the ground that it was not brought by the plaintiff, but, on the contrary, was being prosecuted without his knowledge or authority. The motion was supported by an affidavit of defendant's secretary, and an affidavit of Ernest Grunert, general agent of the plaintiff, was read in opposition to the motion. The court overruled the motion. We think this ruling was correct. The principal being out of the country, the general authority with which the agent was invested necessarily included authority to bring the suit. He had the sole management of the business; and authority to bring necessary suits to collect, and for insurance, in case of loss by fire, is indispensably incident to his general power, and essential to an efficient discharge of his duties.

The policy contains a clause requiring that the assured "shall forthwith give notice of any loss to the secretary of

the company, and within thirty days after such loss shall deliver at the office of the company in Peoria, either personally, by agent, mail or express, a particular account of such loss, signed and sworn to by him, naming each article, and the cash value thereof," etc.   The defendant, among other things, pleaded that the assured did not, within thirty days after the loss complained of, or at any other time, deliver to the defendant such proof of loss, signed and sworn to by him.   Upon the trial it was proved, on behalf of the plaintiff, that in the month of January or February, 1880, the plaintiff left Winchester for St. Louis, for the purpose of purchasing goods; that before leaving Winchester he put his brother, Ernest Grunert, in charge of his store and business, as clerk and agent, and that said Ernest Grunert thenceforth continued to act in that capacity until the stock was destroyed by fire on the 8th of September, 1880, and since then he has continued to act as business agent for the plaintiff; that the plaintiff never returned to Winchester from such trip, and his said agent has never been able to learn anything of him since his departure from Winchester on that trip.

The court, on behalf of the plaintiff, and over objection of the defendant, admitted in evidence certain proofs of loss, signed and sworn to by Ernest Grunert, clerk of William Grunert, and, also, thereupon instructed the jury as follows:

"The court instructs the jury, that if you believe, from the evidence, that William Grunert, the insured, was, at the time of the fire, (September 8, 1880,) absent from his home in Winchester, Illinois, and could not be found, so as to make proofs of the loss within the time specified by the policy, then, in that case, such proofs of loss could be made by the agent of the said William Grunert."

It is contended on behalf of the defendant, that the court erred in admitting this evidence and in thus instructing the jury.   The ruling is sustained by authority, and is unobjec-

tionable.  If it should be held incorrect, it is plain upon no additional attainable evidence can there be a recovery on the policy, although in every other respect the evidence might be ample to maintain a recovery, for the signature and affidavit of the plaintiff to the proofs of loss were not and can not be obtained.  It is said in Wood on Fire Insurance, p. 693, sec. 413:  "Proofs of loss should be made as required by the policy, both as to substance and time, or a legal excuse shown therefor.  They should be made either by the assured, his agent, or party in interest.  If the assured does not make the proofs, a valid reason therefor should be shown; and it is sufficient to show that he is non-resident, dead, or was absent or insane at the time when the loss occurred, and did not return in time to make the proofs."  See, also, cited in support of the text, *Ayres* v. *Hartford Ins. Co.* 17 Iowa, 176; *Farmers' Mutual Ins. Co.* v. *Grayville,* 74 Pa. St. 17; *O'Connor* v. *Hartford Fire Ins. Co.* 31 Wis. 160; *Northwestern Ins. Co.* v. *Adkinson,* 3 Bush, (Ky.) 328; *Sims* v. *State Ins. Co.* 47 Mo. 54.  The absence of the plaintiff, here, brings the case within the exception.

An objection is also urged on the ground that the signature and *jurat* to the proofs of loss are insufficient, in that they show a signature of William Grunert, "per Ernest Grunert, clerk and agent," and that Ernest Grunert, for William Grunert, makes oath to the truth of the proofs.  The objection is hypercritical.  It very clearly appears that Ernest Grunert, agent for William Grunert, signs and swears to the proofs, and this is sufficient.

The court also, at the further instance of the plaintiff, instructed the jury:

"If you find, from the evidence, that the defendant insurance company issued to the plaintiff the policy mentioned in the declaration in this case, and that while said policy of insurance was in full force and effect a portion of the property mentioned in and insured by said policy was, on Septem-

ber 8, 1880, destroyed by fire, while the same was the property of the plaintiff, and without the fault of the plaintiff, and that the plaintiff was absent at the time of such loss, and unable to make proof of the same, and that the agent of the plaintiff, who in the plaintiff's absence had full charge, management and control of plaintiff's business, and who had possession of the property insured by said policy, as such agent, in the absence of the plaintiff, made out and delivered to the defendant insurance company, on or before September 23, 1880, a written notice and proofs of loss, and that on September 23, 1880, the defendant returned such notice and proofs of loss, with objections thereto, and that the same agent of the plaintiff made out an amended notice and proofs of loss, and delivered the same to the defendant insurance company, and that said defendant insurance company, on October 4, 1880, returned such amended notice and proofs of loss, with objections thereto, and that such notice and proofs of loss were again amended by the same agent of the plaintiff, and again delivered to said defendant, and that the defendant returned the same on the 8th day of October, 1880, and that said notice and proofs of loss were again amended by the same agent of the plaintiff, so that the same substantially complied with the conditions of said policy, and delivered the same to said defendant insurance company, and that on October 26, 1880, said defendant again returned said notice and proofs of loss, with objections thereto, and that said defendant, at none of the times it returned said notice and proofs of loss, objected that the plaintiff had not made out and delivered such notice and proofs of loss within the time mentioned and provided in said policy, then said defendant insurance company thereby waived all objections that said notice and proofs of loss were not delivered to said defendant within the time provided for in said policy; and if you further find, from the evidence, that plaintiff complied with all the other conditions of said policy, then you should find for the plaintiff."

It is contended there was error in the giving of this instruction,—firstly, for the same reason that was urged against the first instruction, and which we have just considered; secondly, because it does not tell the jury they must believe, from the evidence, that the agent was properly qualified to make the proofs of loss; thirdly, because of the confusion of dates as to when the proofs were sent and returned, as shown by the evidence; and fourthly, because it is directly put in issue by one of the special pleas whether the plaintiff did or did not furnish proofs of loss to the defendant, at its office, within the time required by the policy, and the plaintiff did not reply to that plea that the defendant had waived such proofs.

The instruction must have been understood by the jury as relating to the character of agent which the evidence before them showed Ernest Grunert to be,—an agent, the principal being absent, having full charge, management and control of this business, (that of a retail grocer,) and possession of the property. This is the language of the instruction, and no one could be misled by it. Such an agent must necessarily possess and exercise the same power and authority in the business that the principal could, were he present; for, were it otherwise, the business, however well conducted, must soon terminate for lack of funds. The destruction by fire of the stock would destroy and terminate the agency. A general business, unlimited by special terms, would not thus terminate, and a general agency, until revoked, would be coëxtensive, in scope and duration, with the business. There is a slight mistake in one or more of the dates of the proofs of loss, but this is unimportant, and could not, in our opinion, have misled. Their dates, in that connection, are not of material consequence.

As to the plea that the plaintiff did not furnish proofs of loss, etc., it might, undoubtedly, have been replied that such proof was waived, etc.; but it was not indispensable that it

should have been so replied, to authorize admission of the proof of waiver. The doctrine of waiver, in this connection, is, in substance and effect, that of *estoppel in pais*, (May on Insurance, sec. 505,) and *estoppels in pais*, at common law, need not, although they might, be pleaded specially. Bigelow on Estoppel, (1st ed.) 590; 2 Smith's Leading Cases, *Doe* v. *Oliver, Duchess of Kingston's case*, (7th Am. ed.) 658. Here, the evidence that plaintiff did not furnish proofs of loss within time, etc., is rebutted and overcome by evidence that such proofs were waived,—*i. e.*, in legal effect the fact was admitted, and the proofs dispensed with. The estoppel assumes the plea is not sustained, and precludes further evidence. The legal conclusion is, the proofs were furnished within time, etc.; and this results from the evidence of waiver,—a fact or facts constituting an *estoppel in pais*.

The sixth instruction, given at the instance of the plaintiff, informs the jury that if they believe, from the evidence, that the defendant knew that any misrepresentations had been made by the assured in his application for a policy of insurance, herein sued upon, and after the knowledge of that fact demanded of plaintiff that he make and deliver proofs of loss from the fire, then, in that case, as a matter of law the defendant will be presumed to have waived any defence it may have had by reason of said misrepresentations. Two objections are urged against this instruction: First, it is contended there is no evidence on which to base it; and second, that under the issue no question of waiver is involved. This second objection is answered in what has been said with reference to the last objection to the second instruction. The first objection we think not well taken. There was some evidence,—how much it is not our province to discuss,—on which to base it.

The defendant asked the court to instruct the jury:

"The jury are instructed that the plaintiff in this suit is bound by the terms and conditions of the policy of insurance introduced in evidence, so far as the same relate to him, and

that by the terms of the policy the application of the plaintiff for insurance, which has been introduced in evidence, became, by the terms and conditions of the policy, a part of the policy and contract of insurance, and warranty by the plaintiff that any false over-valuation of property, or any misrepresentation whatever in said written application, or otherwise, should render the policy void and of no effect; and if you believe, from the evidence, that in said application the plaintiff falsely misrepresented the value of this property covered by the policy, with intent to deceive defendant, and did thereby deceive defendant, then you will find a verdict for the defendant."

The court refused to give the instruction as asked, but modified it by adding: "Unless you further believe, from the evidence, under the law, as explained in these instructions, that defendant has waived its right to have the policy forfeited on that ground." This modification, counsel insist, was erroneous, because specific reference is not made to the explanations in other instructions. We can not think the jury could have been misled by the modification. The doctrine of waiver, we have seen, was correctly laid down as applicable to the case, notwithstanding the pleadings, and this but calls the attention of the jury to that doctrine where and as laid down in other instructions.

Complaint is also made that the court erred in modifying this instruction:

"If the jury believe, from the evidence, that the plaintiff, in his application for insurance, made a false or untrue statement as to the value or ownership of the property insured, as an inducement to the company to enter into the contract of insurance, and that the company relied upon such statements, and was induced thereby to enter into such contract of insurance, then such contract is voidable, by its terms and conditions, by the company, and it can not be enforced against it, and the verdict should be for the company."

The modification consisted in adding: "Unless you further believe, from the evidence, that defendant, after it had full knowledge of such representations, waived its right to a forfeiture of said policy on that ground." We see no objection to the modification. The defendant might waive its right, under the circumstances contemplated in the instruction, to a forfeiture, and it was competent to submit that question to the jury, and entirely proper to submit the two questions,—the right to a forfeiture, and the waiver of that right,—in one instruction.

The third instruction asked by defendant was properly refused, because it is but a mere argument on facts, and presents no legal proposition.

Objection is urged to the ruling of the court in refusing to allow certain questions propounded to witnesses upon the trial, to be answered. The question was asked, whether the figures in an account of one Daniel Smith corresponded in amount with figures given the witness by Ernest Grunert, in attempting to ascertain the amount of the loss. The only purpose of this was to contradict Ernest Grunert. He had not previously had his attention called to this matter, and made answer in reference thereto. A witness can not be impeached in the mode thus sought to be pursued. Wagner, the defendant's secretary, was asked: "You may state upon what proportion of the total value of personal property your company grants insurance." We are unable to see any pertinent, legitimate conclusion to which the answer to this could lead. The suit is on a policy. What was here done,—not what was usually done,—was important. The answer could not tend to prove either the actual or the estimated value of the goods insured. Again, he was asked: "You may state if, after the policy was issued by your company, you ascertained, at any time before or after the loss, that William Grunert, in his application for insurance, misrepresented the value of the property." Very clearly this called only for an opinion,—a conclusion from facts,—of the witness, and not

a statement of facts. 'What William Grunert represented, should have first been proved, and it would then have been competent to prove facts contradictory of that representation. Other questions immaterial and irrelevant were also asked the same witness, which we do not deem of sufficient importance to specially notice.

The questions of fact are settled against appellant by the judgment of the Appellate Court, and demand no notice from us.

We think the judgment below right, and it must therefore be affirmed.

*Judgment affirmed.*